The State, *ex rel.* McCay, *v.* Krost, Recorder of Lake County.

<hr />

No. 17,248.

THE STATE, EX REL. McCAY, *v.* KROST, RECORDER OF LAKE COUNTY.

FEES AND SALARIES.—*Fee for Recording Mortgage Since Passage of Act of 1891.*—*Statute Construed.*—The fee collectible for recording a mortgage by a recorder who has been elected since the act of 1891 went into effect, is one dollar.

CONSTITUTIONAL LAW.—*Fees and Salaries.*—*Case Adhered to.*—The fee and salary act of 1891 is not unconstitutional as being special and

local, in that it does not include in its provisions persons who were elected to office prior to the time it took effect. *Henderson, Aud.*, v. *State, ex rel.*, 137 Ind. 552, adhered to.

SAME.—*Case Adhered to.— When Constitutional Question will not be Decided.— When Part of Act may be Sustained.*—The same case is adhered to in its decision that a constitutional question will not be entertained unless it is directly in issue, and is essential to the decision of the case; and, further, that the whole act should not go down because of the invalidity of some part of the act, which, if eliminated, would not affect the operation of that remaining.

From the Lake Circuit Court.

*A. G. Smith*, Attorney-General, *F. H. Blackledge*, *W. W. Thornton* and *J. B. Peterson*, for appellant.

*J. Kopelke*, for appellee.

HACKNEY, J.—The appellee was elected recorder of Lake county in the year 1892, and thereafter the appellant's relator demanded the recording of a mortgage and tendered as the fee therefor the sum of one dollar. Upon the refusal of the appellee to record said mortgage for less than one dollar and twenty-five cents, the appellant's relator sought and was denied the writ of mandamus to enforce his said demand.

No question is made as to the form of the petition, but the appellee insists that while the act of March 9, 1891 (Acts 1891, p. 424), provides that the fee for the service demanded is one dollar, said act is unconstitutional, and, therefore, he was entitled, under the law of 1875, R. S. 1881, section 5946, to one dollar and twenty-five cents.

The insistence is that the act in question violates sections 22 and 23, article 4 of the State Constitution, which provide against the passage of local or special laws "in relation to fees and salaries, except that the laws may be so made as to grade the compensation of officers in proportion to the population and the necessary services required," and providing that "in all cases, where a general law can be made applicable, all laws shall be

general and of uniform operation throughout the State.'' Much of the discussion of counsel has been directed to the proposition that the failure of the Legislature to provide a salary for the recorder of Shelby county, while providing salaries for the recorders of the other ninety-one counties of the State, brought the enactment within the above constitutional inhibitions.

The real question at issue upon the record is one not of the salary, provided by the act of 1891, but concerns only the fee with which the appellant was properly chargeable for the recording of his mortgage, a question arising between the citizen who demanded the service and the officer whose duty it was to perform that service. The act of 1891 provided a salary for the appellee and required him to pay the receipts of his office into the county treasury to constitute a fund with which to pay that salary, but the question before us does not arise between the appellee and the treasurer as to the duty of paying the fees into the treasury nor as to drawing the salary therefrom, nor does it involve an inquiry as to the claims of the appellee or of his county to the fee for recording the relator's mortgage. Our investigation, therefore, must be confined to the validity of the law so far as it prescribes the fee for recording mortgages, unless it shall be found that the fee provisions and the salary provisions of the law are so inter-dependent as to cause the fall of either by the invalidity of the other.

A full reading of the act will disclose that the system of fees therein provided is complete, not only with reference to the services of all recorders of the State, but also as to all other offices whose incumbents are required to perform services for persons applying therefor. The validity of the act, so far as it provides salaries for the various officers, could not and should not affect the question as to what fees should be charged to and collected

from the citizen, and if the salary provisions of the act were entirely eliminated no good reason appears for holding invalid the system of fees so provided when considered with reference to the authority of the law-making power and the rights of such citizen. No one would contend that the Legislature might not provide that a fee heretofore charged for recording a mortgage should be more or less in the future.

This position is not controverted, but it is stoutly contended that the act, considering alone its provision of a system of fees, violates the constitutional inhibitions above quoted, since it was provided by section 136 of the act that the provisions of the act should not apply to officers elected before the taking effect of the act. This contention was urged in *Henderson* v. *State, ex rel.*, 137 Ind. 552, as affecting both the salary and the fee provisions of said act, and it was there held [that by the postponement of the operation of the act, though in doing so officers in various parts of the State were governed some by the act of 1875 and others by the act of 1891, did not render the act local or special and did not violate the requirement that it should be uniform in its operation. We adhere to the ruling in that case. That case is adhered to as supporting, also, our conclusion that a constitutional question will not be entertained unless it is directly in issue and is essential to the decision of the case, and, further, as upholding our view that the whole act should not go down because of the invalidity of some part of the act which, if eliminated, would not affect the operation of that remaining.

We do not find it necessary to decide, as counsel seem to imply, that officers are entitled to neither the fees nor the salary because the law may be unconstitutional so far as it attempts to create a system of salaries. But we do hold that the question presented is: What fee may be

collected for recording a mortgage by a recorder who has been elected since the act of 1891 went into effect ? and that we must answer—one dollar.

The decree of the circuit court is reversed, with directions to grant the writ as prayed for by the relator, and for further proceedings in accordance with this opinion.

Filed Nov. 27, 1894; petition for a rehearing overruled Feb. 8, 1895.