Walsh, Treasurer, *et al. v.* The State, *ex rel.* Soules, Auditor.

No. 17,640.

WALSH, TREAS., ET AL. *v.* THE STATE, EX REL. SOULES, AUDITOR.

STATUTE.—*Amending Unconstitutional Act so as to Remedy Defect.—* *Fees and Salaries.—Case Modified.—*An amendment of a statute relating to fees and salaries of officers, which was unconstitutional as to certain officers because it did not apply to all the counties in the State, may be made by a subsequent Legislature so as to extend provisions in respect to those officers to all the counties, and thereby remedy the constitutional objections. *State, ex rel.,* v. *Boice,* 140 Ind. 506, modified.

McCABE, J., and HACKNEY, J., dissent.

From the Vigo Circuit Court.

*J. R. Wilson, Lamb & Beasley, J. B. Black* and *E. B. Pugh,* for appellants.

*W. A. Ketcham,* Attorney-General, and *S. M. Huston,* for appellee.

JORDAN, J.—This action was commenced by the State in the lower court, on the relation of the auditor against the appellant, Walsh, treasurer of Vigo county, and his co-appellants, who are sureties upon his official bond. The breach of the bond, as alleged in the complaint, was the failure of said appellant, as such treasurer, to pay over certain moneys, and a conversion of the same to his own use, upon the claim and contention, that under the provisions of the act of 1879 (Acts of 1879, page 130), he was entitled to receive and retain for his own use as compensation, one per cent. upon the first one hundred thousand dollars of taxes collected by him, and one-half of one per cent. upon the residue collected in excess of one hundred thousand dollars, and in addition thereto six per cent. upon all delinquent taxes collected by him, as provided by section 30 of the act of 1879. Appellants

unsuccessfully demurred to the complaint, upon the ground that the same did not state facts sufficient to constitute a cause of action ; and the decision of the court in overruling the demurrer is the only error assigned. The gist of the contention of appellants' learned counsel is, that inasmuch as the salary provisions as fixed by the act of 1891 (Acts of 1891, page 424), have been declared unconstitutional by this court in the case of *State, ex rel.,* v. *Boice,* 140 Ind. 506, these are thereby eliminated from that act. That this being true, the only remaining provisions of the law of 1891, in respect to the treasurer's compensation, are the fees provided and allowed by sections 120 and 122, and hence it is contended that as this act now stands, since the decision of this court, in the Boice case, *supra,* there is no conflict in regard to the compensation of county treasurers between it and the act of 1879 ; and that therefore this last act in this respect is not repealed by the former, and consequently appellant Walsh is entitled to the compensation and fees allowed by the provisions of the act of 1879. In the case of *Henderson, Aud.,* v. *State, ex rel.* (24 L. R. A. 469), 137 Ind. 552, the principal features, and scope of the law of 1891, were by a majority of this court, at that time, held to be constitutional and a valid exercise of legislative power. While in the judgment of the writer of the opinion in the case at bar, speaking individually for himself, and not for the court, the result reached in the case last cited, may be in some respects questionable, however, that decision and also the one of *State, ex rel., etc.,* v. *Krost,* 140 Ind. 41, are still adhered to and approved by a majority of the members of this court, as now constituted, and the question therein involved and decided must be deemed and held, at least so far as the act of 1891 is concerned, as settled.

In the case of the *State, ex rel.*, v. *Boice, supra*, it was held by this court, that by reason of the fact that the fee and salary law of 1891, in section 93, omitted to provide salaries for certain officers of Shelby county, that of treasurer being among the number, it was unconstitutional, upon the grounds that the act was thereby in conflict with Art. 4, section 22, of the State Constitution, prohibiting local laws except those which grade the compensation of officers in proportion to population, and the services required ; and, also, that it was in conflict with Art. 4, section 23, by reason that it was not of a general and uniform operation throughout the State.

At the very threshold of the consideration of the cardinal questions involved in this appeal, we are confronted by the proposition, or rather request, upon the part of the State's able and learned attorney-general to consider the validity and effect of the legislative act approved February 25, 1893 (Acts 1893, page 142), amending section 93 of the statute of 1891, which amendatory act supplied the omissions of the section as it was originally enacted, by providing compensation for the auditor, treasurer, and recorder of Shelby county. His contention is that this amendment was a valid exercise of power upon the part of the Legislature, and that thereby the objectionable features of the statute and its constitutional infirmities as adjudged to have existed against it, in the case of *State, ex rel.*, v. *Boice*, were eliminated by supplying the provisions which made the law, in question, conform to the requirements of the constitution, and that thereby its invalidity was cured, and the salary provisions thereof, as a whole, rendered operative in the future. This is an important question, under this contention, for the determination of this court, and we have given it such consideration and deliberation as time would permit, and have arrived at the conclusion that

this contention of the attorney-general must be sustained, and is decisive in this appeal. It appears from the facts alleged in the complaint that appellant Walsh was elected treasurer of Vigo county, in 1892, and that his official term began, and he assumed the duties of his office, on August 22, 1893. The laws of 1893, and along with them, the amendatory act in controversy, went into force and effect May 18, 1893, and hence if this act resulted in curing the constitutional infirmities that existed against the statute of 1891, its effects, or results, are applicable to, and controlling in the case now before us. For, as heretofore stated, appellant was elected after the taking effect of the law of 1891, and also went into office subsequent to the taking effect of the amendatory act in controversy.

Section 93, as it appears from the printed acts to have been originally adopted, is as follows:

"Sec. 93. In the county of Shelby the annual salary of the clerk of the circuit court shall be twenty-three hundred dollars, and of the sheriff twenty hundred and fifty dollars." (Acts 1891, p. 437.)

The act of 1893, by which this section was amended, was entitled: "An act to amend section 93, of an act fixing the compensation, prescribing the duties of certain State and county officers, and providing penalties for the violation of its provisions, approved March 9, 1891," and is as follows:

"Sec. 1. Be it enacted by the General Assembly of the State of Indiana, that section 93 of the above entitled act be and the same is hereby amended so as to read as follows: Sec. 93. In the county of Shelby the annual salary of the clerk of the circuit court shall be twenty-three hundred (2,300) dollars, of the auditor twenty-five hundred and fifty (2,550) dollars, of the recorder thirteen hundred (1,300) dollars, of the treasurer twenty hundred

and fifty (2,050) dollars, and of the sheriff twenty hundred and fifty (2,050) dollars."

It is evident and undisputed, that where a statute, or any part thereof, is invalid by reason of an absence of power in the Legislature, in the first instance, under the constitution to enact the law, it would not be possible for that body to confirm or render the same valid by amendment. But where the obnoxious features of the statute may be removed, or essential ones supplied by a proper amendment, so that it can be held that had the law been primarily so moulded or framed under its title and within its scope, as it has been by the amendment thereto, it would have been free of the objections existing against it, as it originally stood, and also within the power of the Legislature to enact it, then and in that event, the statute may be rendered valid by amendment, so far as its future operations may extend. See *State* v. *City of Cincinnati* (Ohio Supreme Court), (27 L. R. A. 737), 40 N. E. Rep. 508. The act of 1891, it must be remembered, was not held to be invalid as an entirety but only as to a part of its salary provisions. The act of 1893 does not attempt, or profess, to amend the entire act of 1891, it only supplied certain provisions in which section 93 was deficient. This section, as we have seen, made provisions alone for the compensations of the clerk and the sheriff of Shelby county, and to this extent it was constitutional, under the decision of *Henderson* v. *State, ex rel., supra.* Being constitutional then so far as it concerned the salaries of the clerk and sheriff, it was subject to amendment in like manner as sections of other statutes:

The only limitation placed upon the Legislature was not to extend it by the amendment beyond the subject of the original act, and matters properly connected therewith. Suth. Stat. Constr., section 132. Strictly

speaking, an amendatory act is not regarded as an independent statute, and it may be framed so as to amend certain parts of the law, and to add such supplementary sections as might be embraced under the title of the original act. *State* v. *Bowers*, 14 Ind. 195; *Brandon* v. *State*, 16 Ind. 197; *Shoemaker, Aud.*, v. *Smith*, 37 Ind. 122.

It is firmly settled that where a section in an existing law is amended in the mode prescribed by the constitution, it ceases to exist, and the section, as amended, supersedes the original, and becomes incorporated in, and constitutes a part of, that act. *Blakemore* v. *Dolan*, 50 Ind. 194; *Feibleman* v. *State, ex rel.*, 98 Ind. 516. A statute, amending a former act, operates as to matters thereafter occurring precisely as if the amendatory act had been added to the original act at the time of its adoption, and the two acts must be construed together, and as one statute. *Holbrook* v. *Nichol*, 36 Ill. 161; *Turney* v. *Wilton, Ib.* 385; *Kamerick* v. *Castleman*, 21 Mo. App. 587; Endlich Interp. Stat., section 294; *Ely* v. *Holton*, 15 N. Y. 595; *State, ex rel.*, v. *Ranson*, 73 Mo. 88.

In the case of *State* v. *City of Cincinnati, supra*, where the question of curing an unconstitutional statute by an amendment was before the supreme court of Ohio, it was said:

"Where one or more sections of a statute are amended by a new act, and the amendatory act contains the entire section or sections amended, and repeals the section or sections so amended, the section or sections, as amended, must be construed as though introduced into the place of the repealed section or sections in the original act, and, therefore, in view of the provisions of the original act as it stands after the amendatory sections are so introduced. *McKibben* v. *Lester*, 9 Ohio

St. 627. And, it may be added, the other sections are to be interpreted in connection with, and in view of, the amended section or sections, and, in its application to cases arising after the amendment has been made, the whole statute must have the same operation and effect as if it then had been re-enacted, in terms. Hence, an unconstitutional statute may be amended into a constitutional one, so far as its future operation is concerned, by removing its objectionable provisions, or supplying others to conform it to the requirements of the constitution."

This power of rendering valid a statute, unconstitutional in part, was exercised by the Legislature of this State, prior to the amendatory act of 1893.

In the case of *Kuntz* v. *Sumption, Treas.*, 117 Ind. 1 (2 L. R. A. 655), this court held that the tax statute was unconstitutional, so far as it authorized boards of review to add property to the list of a taxpayer, without giving him notice. Immediately following this decision, the Legislature of 1889, amended the law by providing for the required notice (Acts 1889, p. 367). This act of legislative authority, in supplying this omission in the statute as to notice, was not, to our knowledge, controverted. The constitutional question, upon which the decision in the Boice appeal was based, was not because of any infirmity in section 25 of the act of 1891, which provided compensation for the officers of Benton county, but was solely for the reason that section 93 omitted to name and fix the salary for the treasurer of the county of Shelby. The court did not deny that the Legislature had the right and power in the first instance to have embraced within said section and provided for the compensations of the treasurer, auditor and recorder of that county, in like manner, as was provided for the other ninety-one coun-

ties of the State, but adhering to the rule laid down in the case of *Henderson, Aud.,* v. *State, ex rel., supra,* virtually affirmed the constitutional power of the General Assembly to have so provided. Possessing and being vested then with this power originally, in view of the authorities to which we have herein referred, and by force of the reason and logic thereof, how can it, in reason, be said, that the Legislature cannot exercise it by a proper amendatory act, adopted in conformity to the constitution?

This curative principle, or power, finds support, by analogy at least, in the decisions where it is held that, whenever a thing is wanting, or which had been omitted in the proceedings of boards or other officials, by reason of which such proceedings or action are thereby rendered invalid, and that the thing wanting, or which had been omitted, was something that the Legislature might have dispensed with by a prior statute, then and in that event that body may validate the proceedings by a curative act. *Sithin* v. *Board, etc.,* 66 Ind. 109 ; *Johnson* v. *Board, etc.,* 107 Ind. 15 ; Endlich Interp. Stat., sections 291 and 293.

In fact, this doctrine seems to have been applied in broad terms by the Supreme Court of the United States, *In re Rahrer,* 140 U. S. 545, wherein it was said that where Congress, having removed the obstacle which rendered a prohibitory law of a State invalid, or inoperative, as to intoxicating liquors imported and sold in the original packages, that it was not necessary thereafter to re-enact such prohibitory statute, in order to make it operative upon such liquors in the future.

Being impressed with this view, for the reasons herein stated, we are constrained to hold that the act of 1893, amending section 93 of the statute of 1891, served the same purpose, and had the same effect, after going into

force on the 18th day of May, 1893, as though it had been written *in hœc verba,* in the act of 1891, and from the date last mentioned, the law of 1891 was, as the result of the amendment in question, freed of the constitutional invalidity held to exist against it, as originally enacted. From and after that time the salary features, or provisions, thereof were by the amendment made to apply to all the treasurers, auditors and recorders in the ninety-two counties of the State, and these provisions in the act, as amended, would thenceforward operate in controlling the compensation, as therein provided, of such auditors, treasurer, and recorders, as do not come within the exception of section 136, until superseded by a subsequent law, in like manner, and to a like effect, as though the provisions incorporated into section 93, by the amendment, had been added thereto at the time of the passage thereof, and the two acts must be construed together as one statute.

It would, therefore, follow, as a necessary result, that all laws, and parts of laws, in conflict therewith, would be repealed to the extent of such conflict, as provided by section 137 thereof. As the provisions of the act of 1879, under which appellant claimed and retained the fees in controversy, are in conflict with the act of 1891, they must be deemed and held to be repealed, and he must look to the latter, and such other laws, if any, not in conflict therewith, to award him compensation for the discharge of his official duties. While it is true that the conclusion which we have reached, so far as the operation of the amendatory act in question is concerned, is at variance with the opinion of this court in the case of *State, ex rel.,* v. *Boice,* but the question at that time received but a cursory examination and a brief consideration by the court, and what was there said relative thereto, was upon a mere suggestion upon the part of counsel for the

State, and without due deliberation, and so far as the decision in that case may conflict with this opinion, it must be deemed and held to that extent as modified. Other constitutional questions are presented by counsel for appellant, but, in view of the conclusion which we have reached, they are not applicable.

The trial court did not err in overruling the demurrer, and the judgment is affirmed.

McCABE, J., dissents, for the reasons stated in his dissenting opinion in *Henderson, Aud.,* v. *State, ex rel., supra.*

Filed June 22, 1895; petition for rehearing overruled October 18, 1895.

## DISSENTING OPINION.

HACKNEY, J.—I dissent from the conclusion reached by the majority opinion for the reasons stated in the case of *State, ex rel.,* v. *Boice,* 140 Ind. 506, and for the reason, as stated in *Clare* v. *State,* 68 Ind. 17, that: "It is settled by the decisions of this court, that an act to amend a law, which has been repealed or is invalid from any cause, is also an invalid and void law. *Blakemore* v. *Dolan,* 50 Ind. 194; *Ford* v. *Booker,* 53 Ind. 395; *Cowley* v. *Town of Rushville,* 60 Ind. 327." See also *Lawson* v. *DeBolt,* 78 Ind. 563; *McIntire* v. *Marine,* 93 Ind. 193. Nor do I believe that two distinct and dependent provisions, by two Legislatures, may be brought together to constitute a valid enactment. In *State* v. *City of Cincinnati,* 40 N. E. R. 508, cited in the original opinion the two provisions were brought together by the same Legislature. The power to amend a valid act is not affected by my conclusions, nor does it, in my opinion, support the conclusion of the principal opinion.

Filed June 22, 1895.