## Meer *v.* The Board of Commissioners of Shelby County.

[No. 3,381.    Filed January 9, 1901.]

Statutes.—*Construction.—Amendment.*—The fee and salary law of 1891 (Acts 1891, p. 424) must be construed from and after the date of its amendment by act of 1893 (Acts 1893, p. 142) as if it had read from the beginning as it does with the amendment incorporated in it. *p. 87.*

Officers.—*Treasurer's Salary.*—The provision in §136 of the fee and salary law of 1891 (Acts 1891, p. 424), that "where any * * * treasurer * * * has been elected * * * before the taking effect of this act, such officer so elected during the time he holds such term shall not be subject to the provisions of this act," refers to officers elected before the original act of 1891 took effect, and the treasurer of Shelby county elected in November, 1892, was not such an officer, although provision was first made for the salary of that officer by the amendatory act of 1893 (Acts 1893, p. 142). *pp. 86-88.*

From the Shelby Circuit Court. *Affirmed.*

*K. M. Hord* and *E. K. Adams,* for appellant.

*E. W. McDaniel, A. F. Wray* and *T. H. Campbell,* for appellee.

Black, J.—The appellant was elected as treasurer of Shelby county at the general election in November, 1892,

and he entered upon the duties of his office on the 13th of September, 1893, and continued in office until the 13th of September, 1895. He received all the compensation to which he would be entitled as such treasurer if the act of 1891 relating to fees and salaries of State and county officers, as amended in 1893 in section ninety-three thereof, relating to the compensation of officers of Shelby county, was applicable to him; but he did not receive as much as he ought to have received if he were entitled to compensation under the law of 1879 relating to the compensation of such an officer in force when the statute of 1891 was enacted, the difference, as claimed by him in his complaint against the appellee, a demurrer to which was sustained, being $2,750.75.

In the act of 1891 (Acts 1891, p. 424) a separate section was devoted to each county for the designation of the annual salaries of its clerk, auditor, recorder, treasurer, and sheriff, except that in the section, ninety-third, relating to the salaries of the county officers of Shelby county, provision was made only for the annual salaries of the clerk and sheriff. By an act of 1893, which became in force May 18, 1893, section 93 of the act of 1891 was amended so as to provide an annual salary for each of said five county officers in Shelby county, the salary so provided for the treasurer being $2,050.

It was provided by section 136 of the act of 1891: "Where any clerk, auditor, recorder, treasurer or sheriff has been elected by the people of his county before the taking effect of this act, such officer so elected during the time that he holds such term shall not be subject to the provisions of this act. He shall hold such term of office and perform the duties thereof and receive the compensation prescribed by law the same as if this act had not passed."

The act of 1891 and the amendatory act of 1893 have been involved in a number of cases before the Supreme Court, the effect of the omissions referred to above in sec-

tion ninety-three being a prominent element in the litigation. See *Henderson* v. *State,* 137 Ind. 552, 24 L. R. A. 469; *State* v. *Krost,* 140 Ind. 41; *State* v. *Boice,* 140 Ind. 506; *Walsh* v. *State,* 142 Ind. 357, 33 L. R. A. 392.

The purpose to question the constitutionality of the act of 1891 as amended by the act of 1893 is disclaimed, and we have before us a mere matter of construction of statutes. It is claimed, in effect, that the statute of 1891 not having provided a salary for the treasurer of Shelby county, the statutory provision of a salary for that officer did not go into effect until the amendment of 1893 went in force, and that by virtue of section 136 of the act of 1891 above quoted, the appellant having been elected before there was any such provision for an annual salary for the treasurer, he ought not to be regarded as subject to the act of 1891 as amended in 1893, during the time he held his term of office. Though the act of 1891 did not have any effective provision for compensation by annual salaries of the county treasurers of the State, including the treasurer of Shelby county, until the taking effect in May, 1893, of the amendment of that year, yet from that time forward it was effective as to the salaries of such officers throughout the State as if provision for their salaries, including that of the treasurer of Shelby county, had been made in the statute of 1891. From the date of the amendment the amended statute is to be construed as if it had read from the beginning as it does with the amendment incorporated in it. Black Interp. of Law, 356, 357.

The act of 1891 in its general scope as a statute became a law when the acts of the General Assembly of that year became in force; and for the purposes of this decision we are to regard the act of 1891, except so far as its deficiencies were supplied by the amendment of 1893, as having taken effect along with the other statutes of the session at which it was enacted, which were without a declaration of emergency.

Insurance Co., etc. *v.* Osborn.

By section 136 on which the appellant relies it was said: "Where any * * * treasurer * * * *has been* elected * * * *before the taking effect of this act,* such officer so elected during the time that he holds such term shall not be subject to the provisions of this act." This language manifestly had reference to a treasurer already elected before the statute through which the legislature was speaking became effective as an act of the General Assembly. The appellant, elected in November, 1892, plainly was not such an officer.

The question as to the construction of this statute which the appellant has thus put to this court was, we think, sufficiently answered against him by *Walsh* v. *State,* 142 Ind. 357, 33 L. R. A. 392. In this view of the case, there was no error in sustaining the demurrer to the complaint. Judgment affirmed.