## STATE BANK OF BARKSDALE v. CLOUDT. (No. 7103.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 23, 1924.)

**1. Statutes ⬦150—No constitutional inhibition of repeal by reference to title.**

There is no constitutional inhibition of the repeal of a law by reference to its title, Const. art. 3, § 36, requiring an act to be revived or amended to be published at length, being applicable only to the revival or the amendment of a statute and not to its repeal.

**2. Statutes ⬦170—Statute repealing other statute and reviving acts repealed thereby without publishing revived statutes at length held void in its entirety.**

Acts 38th Leg. (1923) c. 61, providing that Acts 37th Leg. (1921) c. 30, "be and the same is hereby repealed, and any and all laws which now stand repealed by reason of said chapter 30 are hereby revived," held void in its entirety by reason of failure to publish at length the laws revived as required by Const. art. 3, § 36, the provision as to repeal of chapter 30 being invalidated by the invalid provision reviving laws repealed by such chapter without compliance with the constitution.

**3. Statutes ⬦169—Repeal of statute does not revive act repealed by such statute.**

The repeal of a statute does not revive a law repealed by such statute.

**4. Courts ⬦183—County court of Edwards county has exclusive jurisdiction where amount in controversy exceeds $200, and does not exceed $500.**

The county court of Edwards county has exclusive jurisdiction in all civil cases where the amount in controversy exceeds $200 and does not exceed $500, since, if Acts 37th Leg. (1921) c. 30, giving the court such jurisdiction, has been repealed by Acts 38th Leg. (1923) c. 61, the court has such jurisdiction under Const. art 5, §§ 16, 22.

Appeal from Edwards County Court; A. P. Allison, Judge.

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by the State Bank of Barksdale against Frank Cloudt, Jr. Judgment of dismissal, and plaintiff appeals. Reversed and remanded, with instructions.

Old & Smith, of Uvalde, for appellant.

J. E. Friestman, of Rock Springs, for appellee.

FLY, C. J. This is a suit on a promissory note for $375, instituted by appellant in Uvalde county. Appellee interposed a plea of privilege to be sued in Edwards county. The plea was sustained by the county court of Uvalde county, and the cause transferred to the county court of Edwards county. Like the dove sent out by Noah, his cause "found no rest for the sole of its foot," because it seems that the county court rejected it, and it was transferred to the district court, which dismissed it for want of jurisdiction, and it went back to the county court, which also repudiated it, and from a judgment of the court last named dismissing the cause this appeal was perfected.

In section 36, article 3, of the Constitution of Texas, it is provided:

"No law shall be revived or amended by reference to its title; but in such case the act revived, or the section or sections amended, shall be re-enacted and published at length."

That provision seems so simple and plain that it would be thought that any Legislature might understand it, and, understanding, would abide by it. However, the Thirty-Eighth Legislature in its regular session in 1923 almost unanimously passed the following bill:

"That chapter 30 of the General Laws of the Regular Session of the Thirty-Seventh Legislature be and the same is hereby repealed, and any and all laws which now stand repealed by reason of said chapter 30 are hereby revived." Gen. Laws, 1923, p. 115.

The reason given for this measure was that the law repealed was not satisfactory to the people of Edwards county, and like the Tammany Congressman it must have been considered that no Constitution should be allowed to interpose itself between friends.

[1] The act in question had for its primary object the repeal of the act of the Thirty-Seventh Legislature, and there is no constitutional inhibition of the repeal of a law by reference to its title, but only as to its revival or amendment by such method. Fielder v. State, 40 Tex. Cr. R. 184, 49 S. W. 376.

[2] If the Legislature had merely passed a law repealing the law of 1921, which restored the jurisdiction of the county court of Edwards county as to civil cases, it would have been effective, but in the law passed by the Thirty-Eighth Legislature the evident design was not only to repeal the law of 1921, but to revive a law in existence prior to that time, which had given the district court jurisdiction over all civil cases in Edwards county. The repealing clause was only used as a means to re-enact the former law, and it is apparent that the repeal would not have been made if the Legislature had remembered that the Constitution forbade the revival of a law as was attempted. The act must be considered as a whole, and one part cannot be held valid and the other invalid.

[3, 4] If the repealing part of the bill of 1923 was valid, it had the effect of destroying the act of 1921, which restored the jurisdiction of the county court of Edwards county, but the repeal could not revive a law that had been repealed by the act of 1921, which conferred jurisdiction of civil cases on the district court. The Legislature could not by a repeal of a subsequent law revive a law that had been repealed by that subsequent law. That would be accomplishing exactly what the Constitution forbids. It would follow that, if the act of 1923 repealed the act of 1921, which we do not think is the case, there would be no law on the subject of the jurisdiction of the county court of Edwards county, and it would resume its exclusive jurisdiction over all civil cases when the matter in controversy should exceed in value $200 and not exceed $500, and all other matters of jurisdiction conferred by article 5, section 16, of the state Constitution, which is the jurisdiction of the county court when no valid legislative action has been taken under the powers granted by section 22 of article 5. Then, whether the repealing part of the act of 1923 was effective or not, the county court of Edwards county has exclusive jurisdiction of the amount in controversy in this suit, and the cause should have been tried therein.

The judgment of the county court dismissing the cause will be reversed, and the cause remanded, with instructions that the cause be tried by that court.