## EX PARTE LUTHER L. HENSLEY

No. 27,980. January 11, 1956

*John Cutler*, Houston, for appellant.

*Dan Walton*, District Attorney, *Eugene Brady* and *Thomas D. White*, Assistants District Attorney, Houston, *John Ben Shepperd*, Attorney General of Texas, by *May K. Wall*, Assistant

Attorney General, and *Leon Douglas,* State's Attorney, all of Austin, for the state.

WOODLEY, Judge.

Appellant, having been arrested and placed in jail upon a charge of being under the influence of a narcotic drug, sought release by habeas corpus, contending that there was no valid statute under which he could be prosecuted for such conduct and personal condition.

Prior to the hearing on his application, an indictment was returned against appellant charging that on or about October 13, 1955, he was under the influence of a narcotic drug.

The indictment was drawn under the terms of Art. 725c V.A.P.C. as amended by Acts of the 54th Legislature, Ch. 385, p. 1026.

After hearing, the trial court remanded appellant to custody, from which order this appeal is prosecuted.

Unless the statute as amended is void and unenforceable, as contended by appellant, the order of the trial court remanding him to custody was proper. Neither the question of appellant's guilt nor the sufficiency of the indictment is before us, the sole question being whether there is a valid law under which he may be prosecuted. If Art. 725c V.A.P.C. as amended is a valid statute appellant is legally held for trial, but if there is no valid law under which he may be tried, he is entitled to be discharged.

The 53rd Legislature enacted the statute which was later annotated as Art. 725c Vernon's Ann. Penal Code, declaring same to be cumulative of the Uniform Narcotic Drug Act and all other laws relating to narcotic drugs, and to define separate and new offenses. (Acts 53rd Leg., p. 594, Ch. 237.)

Section 2 of said statute made it unlawful for any person to habitually use narcotic drugs, be addicted to the use of narcotic drugs, or be under the influence of narcotic drugs, with the the proviso "nothing in this Section shall be applicable to a person who has a medical need for narcotic drugs and who obtains the narcotic drugs required for such medical need in accordance with the laws of the State of Texas and of the United States."

Under Section 3 of the act the offenses were declared to be misdemeanors, punishable by confinement in jail for one year; and Section 4 provided for and made applicable the provisions of Art. 781b V.A.C.C.P. relating to adult probation.

This legislation came before this court in Ex Parte Levinson, 160 Texas Cr. R. 606, 274 S.W. 2d 76, and was held to be void by reason of the probation feature which the legislature attempted to apply to the misdemeanor offense.

Following this decision, the 54th Legislature amended Sections 3 and 4 of said statute (Art. 725c V.A.P.C.) relating to the penalty and probation, so as to thereafter read as follows:

"Sec. 3. Any person violating any provision of this Act shall be guilty of a felony, and upon conviction shall be punished by confinement in the penitentiary for a peroiod of not more than three (3) years. The benefits of the suspended sentence law shall not be available to a person convicted of violating any provision of this Act.

"Sec. 4. Sections 1 to 6, inclusive, of Chapter 452, Acts of the Fiftieth Legislature, 1947, (codified as Article 781b of Vernon's Texas Code of Criminal Procedure) relating to adult probation are applicable to cases where a defendant has been convicted or has entered a plea of guilty to a violation of this Act, except that in cases charging a violation of this Act, probation may be granted notwithstanding that the defendant may have previously been convicted of a felony. The court may include among the conditions of the probation that the probationer shall enter a hospital approved by the court and remain there until discharged by the medical authorities of such hospital as cured."

This amendment, if valid, effectually removed the provisions of the original act which were held to offend against Art. IV, Sec. 11 (a) of the Constitution of Texas and the act as amended appears to be free from the objection sustained against the statute in Ex Parte Levinson, 160 Texas Cr. R. 606, 274 S.W. 2d 76.

The amendment is attacked as an attempt by the legislature to revise a former law which had been declared wholly void by this court in Ex Parte Levinson, supra. This they say is in violation of Art. III, Sec. 36 of the Constitution of Texas, which reads:

"No law shall be revived or amended by reference to its title;

but in such case the act revived, or the section or sections amended, shall be re-enacted and published at length."

In support of this contention, appellant cites a number of cases dealing with efforts by the legislature to revive a repealed statute by amending one or more of its sections and without re-enacting and publishing the entire law.

The authorities cited include State Bank of Barksville v. Cloudt, Civ. App., 258 S.W. 248; Thomas et al v. Groebl et al, Sup. Ct. 212 S.W. 2d 625; and State Highway Department et al v. Gorham, 162 S.W. 2d 934.

As stated, these authorities deal with repealed statutes.

We are cited to no Texas case where the rule stated has been applied to an amendment of a section of an unrepealed statute which has been declared to be void and unenforceable by the courts.

Appellant's position appears to be that, since it was declared to be void in Ex Parte Levinson, the original Article 725c V.A.P.C. occupies the same status as that of a repealed statute.

While the precise question does not appear to have been before the courts of this state, there is ample authority from other jurisdictions against appellant's contention.

The rule, which we believe to be controlling, is that a statute which the courts have held to be unconstitutional does not lose its existence, at least for the purpose of amendment, and insofar as its future operation is concerned the legislature may amend it by removing its objectionable provisions or supplying others so as to make the act, as amended, conform to the requirements of the Constitution.

Among the authorities which support the rule stated are Allison v. Corker, 67 N.J.L. 596, 60 L.R.A. 564; Lawton Spinning Co. v. Commonwealth (Mass.) 121 N.E. 518, 522; State v. Silver Bow Refining Co. (Montana) 252 P. 301; McCormick v. Sixth Judicial District Court, 69 Nev. 214, 246 P. 2d 805, 808; Sutherland Statutory Construction (3rd Ed. Horack) Vol. 1, Sec. 1904, p. 335; J.T. & K.W. Ry. v. Adams, 33 Fla. 608, 15 So. 257; Ferry et al v. Campbell, 110 Iowa 290, 81 N.W. 604; People v. DeBlaay, 137 Mich. 402, 100 N.W. 598; State ex rel v. McDonald, 121 Minn. 207, 141 N.W. 110; Ex Parte Cooper (Okla.)

300 P. 322; Clay et al. v. Buchanan et al. (Tenn.) 36 S.W. 2d 91, 93; State v. City of Cincinnatti (Ohio) 40 N.E. 508, 27 L.R.A. 737; Walsh v. State, 142 Ind. 357, 41 N.E. 65, 33 L.R.A. 392.

The Texas Supreme Court, in English & Scottish American Mortgage & Investment Co. v. Hardy, 55 S.W. 169, cited a number of cases from other jurisdictions, including Walsh v. State, supra, holding that statutes undertaking to amend prior ones which were unconstitutional merely because the legislature had failed to comply with constitutional requirements in their enactment and not for want of power in the legislature to adopt them, were valid laws, the supreme court said "We think these decisions state the correct principle, notwithstanding some apparent conflict in the authorities."

We conclude that Art. 725c V.A.P.C. as amended is valid and that appellant's confinement is not unlawful.

The judgment is affirmed.