

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 17, 1968

Honorable Stanley C. Kirk
District Attorney
Wichita County
Courthouse
Wichita Falls, Texas

Opinion No. M-322

Re: Constitutionality of
Article 1436b, Section
3, as amended, Vernon's
Texas Penal Code, Acts
of the 58th and 60th
Legislatures

Dear Mr. Kirk:

In your opinion request you inquire whether the present Article 1436b, Section 3, as amended, Vernon's Texas Penal Code, is constitutional?

In Marney v. State, 168 Tex.Cr. 567, 330 S.W.2d 623 (1960), the Texas Court of Criminal Appeals held that Section 3 of Article 1436b, as it then appeared, was clearly an unreasonable restriction upon the use and enjoyment of a lawful commodity which is not per se contraband, and it was therefore unconstitutional. Tex. Const. Art. 1, Sec. 19; U. S. Const. Amend. 14, the "due process clauses".

During the Fifty-eighth and Sixtieth Legislatures, at their regular sessions, Chapter 426, page 1100, and Chapter 269, page 595, respectively, Article 1436b of Vernon's Texas Penal Code was amended so that Section 3 of the Article now appears as follows:

Section 3:

> "Any person who may be found in any
> county in this state with more than
> one (1) pound of mercury in his
> possession and who has not in his
> possession a bill of sale, or other
> written evidence of title to said
> mercury and is unable to produce
> such evidence without unnecessary
> delay, shall be guilty of a felony,
> and upon conviction thereof, shall
> be confined in the penitentiary for

- 1580 -

a term of not less than one (1) year
nor more than five (5) years, or
shall be confined in the county jail
for not less than ninety (90) days
nor more than two hundred (200) days,
or shall be fined not less than One
Hundred Dollars ($100) nor more than
Five Hundred Dollars ($500), or both
such fine and jail imprisonment."

Section 3 (a):

"It shall be prima facie evidence
that a person is illegally in pos-
session of mercury in excess of
one (1) pound if at such time he
does not have in his possession
a bill of sale or other written
evidence of title to such mercury
and is unable to produce such
evidence without unnecessary
delay."

Section 3 (b):

"It shall be a defense to any charge
under Section 3 that the person so
charged show, (1) that he actually
is engaged in the business of mining
or processing of mercury, or (2)
that the mercury is an integral part
of a tool, instrument, or device
used by him for a beneficial purpose,
or (3) that he is an officer dis-
charging his official duties."

The present Section 3 of Article 1436b, as amended,
clearly prohibits any person from having more than one (1)
pound of mercury in his possession without a bill of sale
or other written evidence of title or without being able
to produce such evidence within a reasonable time when properly
demanded. Furthermore, it provides a complete defense to the
charge for all persons who may show that they are engaged in the
business of mining or processing mercury, or that they possess
the commodity as an integral part of some device which they use
for a beneficial purpose or in connection with their duties, or
that an officer of some entity possesses the mercury in the
discharge of official duties.

Under the present statute, it is not a felony per se to have any amount of mercury in your possession, as it was prior to the amendment. The requirement for anyone having possession of more than one (1) pound of mercury to produce written evidence of title under the present law is not unreasonable. Such a statutory pattern finds reason and precedent in similar time-honored requirements of our statutes for a bill of sale to accompany the sale or transfer of livestock (Art. 6903, 6983, V.C.S.), and making the absence of such written conveyance prima facie evidence of illegal possession by the person charged with the theft of such stock (Art. 1445, P.C.); also, in the requiring of certificates of title for motor vehicles for the announced purpose of lessening and preventing the theft of motor vehicles, etc. (Art. 1436-1, P.C.).

Moreover, under Section 3 (b) the defenses added to the act to prevent it from imposing unreasonable restrictions on the use and enjoyment of a definite and substantially greater quantity of mercury have cured the vice of unreasonableness in the original enactment of Section 3. Our courts will take common knowledge of the fact that, absent the defensive possessions permitted by the statute, few persons, if any, would have occasion to possess legally more than one (1) pound of mercury and be unable to produce written evidence of title without unnecessary delay.

In Ex parte Hensley, 162 Tex.Cr. 348, 285 S.W.2d 720 (1956), the Court decided that a statute which is held to be unconstitutional did not lose its existence for purposes of amendment; that the amended statute might operate in the future if it were made to conform to the constitutional requirements.

Section 3 (a), providing that it shall be "prima facie evidence" that a person is illegally in possession when he cannot produce written evidence of title without unnecessary delay, is not unreasonable. Our courts have held that in prosecutions for possession of whiskey in a dry area, the state may make out a prima facie case upon a showing that the defendant possessed a sufficient quantity of whiskey to raise a presumption that he possessed it for sale in violation of the law. Shawhart v. State, 163 Tex.Cr. 199, 289 S.W.2d 601 (1956); Templin v. State, 167 Tex.Cr. 605, 321 S.W.2d 877 (1959). While liquor possessed for sale in a dry area is contraband, its mere possession there is not unlawful.

The law requiring the sale or transfer of livestock to be accompanied by a written bill of sale, absent which is prima facie evidence of illegal possession by one accused of theft of any such animal (Art. 1445, P.C.), presents a very close analogy. It was early held by our state Supreme Court that this act regulating the sale of livestock was not rendered unconstitutional by reason of its provision that the absence of a written conveyance shall be prima facie evidence of illegal possession on trial of right of property or a charge of theft of such livestock. Z. Faith v. State, 32 Tex. 355 (1869). In any event, the provisions of Section 3 of Article 1436b are not dependent upon the validity of Section 3 (a) thereof.

Therefore, since a court will presume the validity of the statute and resolve any doubt in favor of validity (16 Tex.Jur.2d 93, Criminal Law, Sec. 4), it is the opinion of this office that any person having possession of more than one (1) pound of mercury is properly on notice of the requirement to produce the written evidence of title or else qualify under one of the three defenses stated in Section 3 (b). The statute, as amended, in constitutional. However, it is cautioned that an abstract charge upon the provisions of Sec. 3 (a) of said statute in regard to prima facie evidence of guilt might be erroneous under the reasoning set out in Reed v. State, 113 Cr.R. 366, 21 S.W.2d 684 (1929).

The statute, as amended, in constitutional.

## S U M M A R Y

Article 1436b, Vernon's Texas Penal Code, as amended by the Legislature, is constitutional and does not impose an unreasonable restriction on the use or enjoyment of mercury as a lawful commodity.

Yours truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert Darden
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman

R. L. Lattimore
O. J. Floyd
James Elder
John Grace

Hawthorne Phillips
STAFF LEGAL ASSISTANT