In the Matter of the Estate of ARTHUR RYLE, Deceased.

Surrogate's Court, New York County, August 31, 1936.

*Putney, Twombly & Hall* [*Henry B. Twombly* of counsel], for the trustee and the beneficiaries, appellants.

*Edgar Hirschberg*, for the State Tax Commission.

DELEHANTY, S. A *pro forma* order fixed a transfer tax under article 10 of the Tax Law on the transfer of the corpus of an irrevocable trust created by deceased's indenture in 1921. The trustee and beneficiaries under the will of deceased appeal. Under the provisions of article 10-C an estate tax proceeding was conducted in this estate. In that wholly separate estate tax proceeding no attempt was made to tax this trust property, the tax on which is the subject-matter of the present appeal; and the time to appeal from the order assessing the estate tax has expired. The question is presented whether the enactment in 1930 of article 10-C of the Tax Law wholly freed from any transfer tax burden the property here sought to be taxed.

The present estate tax (Art. 10-C) was added to the Tax Law by chapter 710 of the Laws of 1930 which became effective on September 1, 1930. It conformed the State to the Federal practice. Its effective date was intended to be contemporaneous with major changes in the Decedent Estate Law which had been recommended by the Commission to Investigate Defects in the Law of Estates. As the new enactment was originally phrased it provided in section 249-mm: "Application of article. In respect of persons dying after this article becomes effective it shall supersede any other article of the Tax Law which imposes a transfer, inheritance or estate tax; but in respect of any person dying or who died before this article takes effect, the provisions of law imposing transfer, inheritance or estate taxes in effect at the time of his or her death shall remain in full force and effect."

Probably because it had become apparent that property such as the subject-matter of the tax here in question might escape taxation there was enacted in 1935 an amendment to section 249-mm, effective April 25, 1935. This amendment added to the section the following: " Nothing in this section contained shall affect any tax upon a transfer made prior to September first, nineteen hundred thirty, which was imposed as of the date of said transfer."

The same enactment (Laws of 1935, chap. 499) further said:.

" § 2. This act is declaratory of the intent of section two hundred and forty-nine-mm of the Tax Law as originally enacted and for the purpose of clarifying its provisions. It is not intended to effect a change in the provisions of said section.

" § 3. This act shall take effect immediately and shall be retroactive to September first, nineteen hundred thirty."

This text would indicate that the Legislature believed that a loop-hole had been left by the 1930 legislation and sought by legislative enactment to close it even as to persons who had died between

the effective date of the estate tax article as originally adopted, *i. e.*, September 1, 1930, and the effective date of the new enactment, *i. e.*, April 25, 1935.

The deceased here had made an effectual transfer of his property before September 1, 1930, and died in 1934 after the Estate Tax Law was enacted in its original form but before the amendment. The issue is whether between September 1, 1930, and April 25, 1935, there existed in the law of New York any right to enforce a transfer tax upon the corpus of an irrevocable trust created prior to September 1, 1930, by a person dying between the dates stated.

It is argued by the State Tax Commission that a tax had been lawfully imposed upon the corpus of this irrevocable trust fund as of the date of the indenture of trust. If the assertion be limited to the declaration that this trust corpus was as of the date of the indenture made subject to an eventual tax so much may be conceded. If the position of the State Tax Commission is that as of the date of the indenture a tax was then assessable and collectible it cannot be admitted. No provision had been made under the law then in effect for the final assessment and final collection of a tax except after the date of death of the grantor of the irrevocable trust. The machinery for collection was an integral part of the tax scheme under the Transfer Tax Law. That machinery contemplated resort to the surrogate having jurisdiction over the estate of the grantor and contemplated further the actual assessment and collection of tax only after death. In a practical sense the State Tax Commission has so interpreted the Transfer Tax Law because it has fixed the value of the trust corpus as of the date of death of this deceased, though arguing now that the tax was assessable and collectible as of the date of the trust indenture. No matter what may have been the right in the State to tax the fund it did not ripen to the point of assessment and collection until the death of the donor. (Compare *Matter of Garcia*, 183 App. Div. 712; *Matter of Dunlap*, 205 id. 128.) In *Matter of Stewart* (131 N. Y. 274, 284) the court said respecting a different tax law: " It is not enough for the Legislature to declare that such interests are taxable. If no mode is provided for assessing and collecting the tax, the law is imperfect and cannot as to such interests be executed." In other words, the machinery for the assessment and collection is as essential a part of the law as is the declaration of taxability.

When the Legislature met in 1930 the corpus of this trust was subject to tax assessable and collectible at decedent's death. It would have been assessed and collected in due course had no change been made in the Tax Law before his death. The original text of the 1930 enactment leaves no doubt that the Legislature set up a

plan which as of September 1, 1930, imposed an estate tax in substitution of a transfer tax upon estates of persons dying *after* that date and retained the transfer tax as to persons dying *prior to* that date. The text of that new enactment is explicit. It says that the estate tax " shall supersede any other article of the Tax Law which imposes a transfer, inheritance or estate tax " as to persons dying *after* August 31, 1930. It retained the former taxes only as to persons who died *before* September 1, 1930. It was the date of *death* which determined which enactment applied. The inquiry, therefore, is as to date of death and not as to date of acts during life. Whatever act may have been performed by a living person which under the law in effect prior to September 1, 1930, would at his death have resulted in a tax, such act no longer served as a tax basis if the actor lived until September 1, 1930. As to him the State on that date substituted an estate tax and superseded every other provision of law. No other interpretation of the language of the original enactment is admissible. From September 1, 1930, and until the amendment of 1935, there was no law under which a transfer such as is here under consideration could be made the basis of a transfer tax. Whether an attempt to enforce an estate tax on this trust fund could be successfully resisted (See *Nichols* v. *Coolidge*, 274 U. S. 531; *May* v. *Heiner*, 281 id. 238; *City Bank F. T. Co.* v. *New York Central Railroad Co.*, 253 N. Y. 49) need not be considered since that issue is closed as to this estate.

Little need be said respecting sections 2 and 3 of chapter 499 of the Laws of 1935, which contain a legislative declaration in that year of what the Legislature of 1930 intended by the original text of section 249-mm.

" Doubtless the legislative construction of the earlier statute is without binding force in any judicial proceeding. * * * In any matter brought before the courts in which rights of any party may be dependent upon the proper construction of the earlier statute, the courts are still free to place their own construction upon it, which may be contrary to the construction placed upon it by the Legislature. The validity of the provisions of the later statute does not depend upon the declaration of the legislative construction of the earlier statute. That declaration may be disregarded by the courts." (*City of New York* v. *Village of Lawrence*, 250 N. Y. 429, 447.)

The cases cited by the State Tax Commission in support of its assertion that an effective tax had been levied as of the date of the trust indenture are not controlling. In *Matter of Schmidlapp* (236 N. Y. 278) the trust was revocable. Here the transfer was irre-

vocable. In *Matter of Hodges* (215 N. Y. 447) the court had before it for decision only the question whether the exemption in the then existing Tax Law might be applied to a transfer *inter vivos* which was held by the court to have been made in contemplation of death and a like exemption applied also to a legacy under the will of the donor. The statement in the opinion upon which the State Tax Commission relies is purely obiter. *Matter of Webber* (151 App. Div. 539) does not touch the question here. That case determined only that the rate of tax *when assessed* must be the rate fixed by the law in effect at the time of the transfer. Nothing in the cases cited by the State Tax Commission touches the question whether the inchoate right to collect a tax which was all the State possessed on September 1, 1930, had not been waived by the State when article 10-C of the Tax Law was enacted. Nothing has been called to the attention of the court which negatives the right of the Legislature to supersede a tax which has not ripened into actual assessment. The court holds that there was an effective change in the tax plan of the State in 1930 which bars collection of the transfer tax fixed by the *pro forma* order. Accordingly, the appeal therefrom is sustained. The determination here made disposes of all the subsidiary questions raised by the appeal. The merits of them have not been considered.

Submit, on notice, order accordingly.