In the Matter of the Estate of EDITH C. SCOVILL, Deceased.

Surrogate's Court, New York County, August 31, 1936.

*McCloy & Bravman*, for the petitioners.

*Edgar Hirschberg*, for the State Tax Commission.

DELEHANTY, S.   Prior to her death deceased, by indenture, transferred property to a trustee with direction as to the payment of so much of the balance as might remain at her death.   She died April 2, 1935.   Her executors filed an estate tax return which disclosed the trust property.   The appraiser submitted his report to this court and listed therein as taxable assets the value of the securities transferred under the indenture.   A tax was assessed on the report of the appraiser and no appeal was taken from the order so assessing tax.

The executors and trustee under the will of deceased seek now a formal order declaring that the tax liability to the State of New York has been fully discharged.   This is opposed and the State Tax Commission now takes the position that the transfer by the indenture is taxable both under the Estate Tax Law, effective September 1, 1930, and under the Transfer Tax Law which was in effect prior to that date.   Since the State has collected the estate tax the only question remaining is whether the State has also the right to collect the transfer tax.

Deceased died after September 1, 1930, and before the amendment of section 249-mm of the Tax Law by chapter 499 of the Laws of 1935 became effective on April 25, 1935.   For the reasons stated in *Matter of Ryle* (161 Misc. 126), decided herewith, no transfer tax is collectible by the State of New York upon the corpus of this irrevocable trust.   Accordingly, the motion is granted.

Submit, on notice, order accordingly.