In the Matter of the Estate of HUBERT P. VAN WAGENEN, Deceased.

Surrogate's Court, Oneida County, April 11, 1939.

*Charles A. Phelps*, for the trustee.

*Gilbert R. Hughes*, for the beneficiaries.

*Stephen W. Brennan* [*M. K. Kassell* of counsel], for the State Tax Commission.

RINGROSE, S. This is an appeal from a *pro forma* order of this court entered upon the appraiser's report wherein was included the corpus of an irrevocable *inter vivos* trust under a trust indenture executed on October 27, 1927, by the decedent, Hubert P. Van Wagenen, as grantor, to the Jefferson County National Bank, as trustee. The duration of the trust was for the life of the grantor, who reserved to himself one-half of the income and so much of the balance thereof each year as was necessary to insure him an annual income of not less than $25,000. At the death of the grantor,

the corpus of the trust, subject to the payment of his funeral expenses, was directed to be divided among designated remaindermen.

By an instrument in writing executed on March 15, 1932, by all of the parties interested under the terms of the original trust indenture, the corpus of the trust was reduced by the withdrawal therefrom of an amount necessary to liquidate certain outstanding obligations of the grantor. This agreement did not otherwise alter or modify the rights, duties and obligations of the parties to the original agreement. Neither did it incorporate therein the original trust indenture, either specifically or by way of reference whereby the modifying agreement acquired a separate entity, by which the corpus of the trust became subject to the then existing estate tax law. As none of the parties to this proceeding contended that the modifying agreement changed the status of the trust for the purpose of taxation, further comment would be superfluous to the issues involved.

Hubert P. Van Wagenen died on January 28, 1938. The corpus of the trust was appraised as of that date at $757,885.89. The amount of the tax assessed thereon under article 10-C of the Tax Law was $24,844.62.

Upon the argument of this appeal it was stipulated that the corpus of the estate subject to tax should be reduced by an amount calculated upon the ratio that the average yearly income received by the remaindermen bore to the yearly income received by the grantor. On this basis of computation, the amount includable in the gross estate subject to tax is $502,478.35.

The inclusion of the corpus of this trust in the decedent's estate, subject to taxation under subdivision 3 of section 249-r of the Tax Law is resisted on the ground that it would necessitate a retroactive application of the statute which would be unconstitutional and invalid.

The authority to include the corpus of this trust in the net estate of this decedent subject to an estate tax must be found, if at all, in article 10-C of the Tax Law, as it is therein specifically stated that this act supersedes all previous statutes by which a transfer, inheritance or estate tax is imposed as to all persons thereafter dying. (Tax Law, art. 10-C, § 249-mm; *Matter of Ryle*, 161 Misc. 126; affd., 250 App. Div. 849; affd., 278 N. Y. 546.)

The provisions of article 10-C of the Tax Law pertinent to the present controversy are as follows:

" § 249-r. Gross estate. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible,

wherever situated (except real property situated and tangible personal property having an actual situs outside this State): * * *

" 3. To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, *or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (a) the possession or enjoyment of, or the right to the income from, the property* or (b) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a *bona fide* sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property made by the decedent within two years prior to his death, without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this article." (The matter in italics indicates the amendment by chapter 639 of the Laws of 1934, in effect May 8, 1934.)

" 10. Subdivisions two, three, four, five, six, seven, eight and nine of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this article."

" § 249-mm. Application of article. In respect of persons dying after this article becomes effective it shall supersede any other article of the Tax Law which imposes a transfer, inheritance or estate tax; but in respect of any person dying or who died before this article takes effect, the provisions of law imposing transfer, inheritance or estate taxes in effect at the time of his or her death shall remain in full force and effect. *Nothing in this section contained shall affect any tax upon a transfer made prior to September first, nineteen hundred thirty, which was imposed as of the date of said transfer.*" (Italics added to indicate change by chapter 499 of the Laws of 1935, in effect April 25, 1935.)

As originally enacted, section 249-r of article 10-C did not include within the scope of its provisions the corpus of irrevocable *inter vivos* trusts, the income from which was reserved to the grantor for life. These were included by the amendment to this section in 1934. (Laws of 1934, chap. 639, in effect May 8, 1934.) However, this amendment cannot be retroactively applied to include trusts previously created. (*Matter of Sandford*, 160 Misc. 898, 902; modfd., 250 App. Div. 310; affd., 277 N. Y. 323.)

This section was further amended by chapter 639 of the Laws of 1934, in effect May 8, 1934, whereby the criterion for determining the measure of tax liability was made dependent upon the date of death.

In referring to this amendment in the *Sandford* case (*supra*), which was decided subsequent to the amendment last mentioned, Surrogate DELEHANTY stated, " thenceforth the property in this type of irrevocable trust, regardless of the date of its creation, is made taxable in the estates of persons dying after May 8, 1934."

It is difficult to perceive how the 1934 amendment essentially changes the character of subdivision 3 of section 249-r when applied to trusts created prior to September 1, 1930, unless subdivision 10 of section 249-r is deemed to bridge the gap existing in the statute as originally enacted and the 1934 amendment whereby jurisdiction of previously executed trusts is in effect retained which might justify an interpretation of the statute as imposing a substitutional tax and providing for a procedural change in assessment rather than the imposition of a new tax on a previously vested right. Such an interpretation could not be reconciled with the general rule of statutory construction, which was stated by the Court of Appeals in *American Bank* v. *Goss* (236 N. Y. 488, 493) as follows: " On the other hand, we think it must be equally clear that if one section or provision of a statute adopts and incorporates by reference the provisions of another section or subdivision of the same statute, a subsequent amendment of the latter will be regarded as affecting the entire statute including the subdivision which made the adoption. *In such a case the entire statute will be regarded as re-enacted at the time of the last amendment and all of its provisions will be affected by the latter.* (*Lyon* v. *Manhattan Ry. Co.*, 142 N. Y. 298, 303; *Blair* v. *City of Chicago*, 201 U. S. 400, 475; *State* v. *Moon*, 178 N. C. 715, 716; *Walsh* v. *State*, 142 Ind. 357, 363.) " (Italics mine.)

A further obstacle to such a construction exists in the fact that an estate tax is a special tax and must be strictly resolved in favor of the taxpayer. (*Matter of Harbeck*, 161 N. Y. 211, 218; *Matter of Davis*, 149 id. 539.) Consequently the amendment to section 249-mm by chapter 499 of the Laws of 1935, therein stated to be declaratory of the legislative intent in the statute as originally enacted, does not render the same immune from judicial construction. (*City of New York* v. *Village of Lawrence*, 250 N. Y. 429, 447.)

The transfer of the present right to the economic benefits of an irrevocable *inter vivos* trust as distinguished from the fee simple title has never been recognized as a taxable transfer in this State.

The right to the income follows the fee, although the enjoyment thereof may be postponed until the death of the grantor. On the happening of the latter event nothing of value passes to the remaindermen beyond that with which they are already vested. The death of the grantor operates to terminate his interest and not to confer on another an additional benefit.

In passing on an analogous controversy involving the taxability of a transfer made prior to an amendment to the Transfer Tax Law of this State, the fundamental principle underlying the impediment to the taxation of a vested right by virtue of a statute subsequently enacted was aptly illustrated by Mr. Justice CARDOZO in writing for the unanimous court in *Matter of Schmidlapp* (236 N. Y. 278, 283): " The problem, therefore, is not solved by characterizing the gift as one to take effect in possession or enjoyment upon death. All this it may be, and still the gift will be immune if in substance, and not in form merely, it was made before the statute (*Matter of Pell*, 171 N. Y. 48; *Matter of Craig*, 97 App. Div. 289; 181 N. Y. 551). The tax is a charge upon the creation of the right. It is not a charge upon fruition in enjoyment or possession. We must fix the point of time at which creation was effective."

While there is some authority for the rule that a decision of the Federal court is not in every instance binding on a State court in the interpretation of the State statutes (*Guaranty Trust Co.* v. *Blodgett*, 287 U. S. 509, 512), nevertheless the similarity between the Federal and State tax laws applicable to the instant proceeding renders the decisions of the United States Supreme Court most persuasive.

The transfer tax was effectually repealed by article 10-C of the Tax Law. (*Matter of Sandford, supra; Matter of Ryle, supra.*) As a consequence thereof, any law thereafter enacted which purports to tax the corpus of the instant trust would of necessity have to be retroactive in its scope and in violation of the due process clause of both the Federal and State Constitutions. (*Matter of Hind*, 252 App. Div. 917; *Matter of Sandford, supra; Matter of Ryle, supra; Nichols* v. *Coolidge*, 274 U. S. 531; *May* v. *Heiner*, 281 id. 238; *Coolidge* v. *Long*, 282 id. 582; *White* v. *Poor*, 296 id. 98; *Hassett* v. *Welch*, 303 id. 303.)

It follows that the corpus of the instant trust was erroneously included in the taxable estate of this decedent, and the appeal is, therefore, sustained.

Submit order modifying the *pro forma* order in accordance with this decision.