In the Matter of the Estate of DAVID M. ANDERSON, Deceased.

Surrogate's Court, Jefferson County, July 3, 1939.

*Conboy, Wise & Conboy* [*Henry A. Wise* of counsel], superseding *Phelps, Hudson & Wise* [*Henry A. Wise* of counsel], for the executors.

*James J. Butler* [*Mortimer M. Kassell* and *Harry T. O'Brien* of counsel], for the State Tax Commission.

GRANT, S. David M. Anderson, the decedent herein, died February 10, 1935, a resident of this county. His last will and testament, dated May 26, 1933, was admitted to probate in this court on the 14th day of March, 1935, and on that day letters testamentary were issued to Elizabeth A. Wise, H. Edmund Machold and Henry A. Wise, the executors named in said will. An estate tax appraisal was ordered. The appraiser's report included in the gross estate certain property consisting of securities of the appraised value of $261,007.90 held under an irrevocable deed of trust executed by decedent, as settlor, and The Northern New York Trust Company, as trustee, on the 4th day of November, 1926. Said deed provided that the net income from the trust fund be paid to decedent during his natural life. Upon the appraiser's report a *pro forma* order assessing the tax was made July 30, 1935. From that order the executors have appealed on the ground that the values of the securities comprising the corpus of the trust fund are not subject to the tax and should not be included in the gross estate. The appellants seek to have the order of July 30, 1935, assessing the

tax, modified by the exclusion of these securities and their values from the taxable estate.

The question which the appeal presents is whether the property included in an irrevocable trust made prior to the enactment of the Estate Tax Law, article 10-C of the Tax Law, the income from which was reserved to decedent during his life, is subject to tax under section 249-r, subdivision 3, of said law, where decedent's death occurred subsequent to the enactment of the law and its several amendments. This question resolves itself into two parts — whether said section 249-r, subdivision 3, provides for including the trust fund in decedent's gross estate and, if so, whether the statute is constitutional.

So far as here in question section 249-r, subdivision 3, when originally enacted provided: " § 249-r. Gross estate. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated (except real property situated and tangible personal property having an actual situs outside this state): * * * (3) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death." (Laws of 1930, chap. 710.) This was taken practically verbatim from section 302, subdivision (c), of the Federal statute (U. S. Code, tit. 26, § 411, subd. [c]) after which our newly-adopted statute was modeled. The Federal statute was held not to impose a tax on transfers in trust with income reserved to the transferor. (*Burnet* v. *Northern Trust Co.*, 283 U. S. 782; *Morsman* v. *Burnet*, Id. 783; *McCormick* v. *Burnet*, Id. 784; *May* v. *Heiner*, 281 id. 238.) To close the door to tax avoidance thus opened the Federal statute was amended on or about March 3, 1931. (Public Law No. 131; 71st Congress; 46 Stat. 1516, known as the joint resolution of Congress of March 3, 1931.) Then the Legislature of this State, by the Laws of 1931, chapter 62, effective March 10, 1931, amended said section 249-r, subdivision 3, by adding, immediately following the above-quoted portion thereof, the words " including a transfer under which the transferor has retained for his life or any period not ending before his death (a) the possession or enjoyment of, or the income from, the property." This amendment was identical with the amendment made to the Federal statute and known as the Joint Resolution of March 3, 1931. The Federal provision was still further amended by section 803 (a) of the Revenue Act of 1932, effective June 6, 1932 (U. S. Code, tit. 26, § 411, subd. [c]), and our New York Legislature on May 8, 1934 (Laws of 1934, chap. 639), amended

said section 249-r, subdivision 3, substituting for the above-quoted portion of the said 1931 amendment the words " or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (a) the possession or enjoyment of, or the right to the income from, the property." The said amendments to the Federal and State acts were identical.

Article 10-C as originally enacted included subdivision 10 of said section 249-r which is as follows: " 10. Subdivisions two, three, four, five, six, seven, eight and nine of this section shall apply to the transfers, trusts, estates, interests, rights, powers and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this article." This provision is practically the same as subdivision (h) of the Federal section 302. (U. S. Code, tit. 26, § 411, subd. [h].) There has been no further amendment to this subdivision, either Federal or State.

So the section 249-r, subdivisions 3 and 10, amended as above stated, modeled after and practically identical with section 302, subdivisions (c) and (h), of the Federal statute as amended by the Joint Resolution of Congress adopted in March, 1931, and by section 803 (a) of the Revenue Act of 1932, effective June 6, 1932, was the law in effect at the time of decedent's death.

In *Hassett* v. *Welch* (303 U. S. 303) and in *Helvering* v. *Marshall* (Id. 303), argued and reported together, the question as to whether the Federal statute, as so amended, was to have retrospective operation was squarely before the court. In the *Hassett* v. *Welch* case decedent in February, 1924, transferred by deed certain property to a trustee, reserving to himself the income therefrom during his life, and directing that upon his death the income be divided among his nephews and nieces, and further directing that upon the death of the last of them the corpus be distributed to their then living issue. He died November 20, 1932, after the effective date of the last amendment. In the *Helvering* v. *Marshall* case decedent in November, 1920, transferred to her certain cash and securities, at the time entering into an agreement with him providing that if he predeceased her the said cash and securities should be reconveyed to her, and that in the meantime he should pay to her such part of the income therefrom as she, in writing, should request. She died June 4, 1933, after the effective date of the last amendment. For the commissioner it was contended, and the court was asked to hold, that section 302, subdivision (c),

of the Revenue Act of 1926, as amended by the Joint Resolution of Congress, adopted March 3, 1931, and by section 803 (a) of the Revenue Act of 1932, included in the gross estates of decedents, for estate tax purposes, the said properties which, before the adoption of the amendments, had been irrevocably transferred with reservation of life estates to the transferors; and that so applied the statute did not offend the due process clause of the Fifth Amendment to the Constitution. For the two estates it was contended that the statute and its amendments were not intended to operate retrospectively, but were intended to operate only upon transfers made subsequent to their enactment, and, if construed to reach irrevocable transfers consummated prior to such enactment, they violated the said due process clause and were unconstitutional. Mr. Justice ROBERTS, delivering the opinion for the court, said at page 307: "We hold that the statutes are prospective in their operation and do not impose a tax in respect of past irrevocable transfers with reservation of a life interest." He said that section 803 (a) of the Laws of 1932 simply "reenacted the substance of the Joint Resolution with but slight verbal differences," treated these "slight verbal differences" as of no consequence, and stated that only the Joint Resolution need be quoted. He then quoted the resolution, traced its passage through the Congress, referred to the way in which it had been interpreted by its author, the Treasury Department, and showed clearly that it was intended not to have any retroactive application. At page 312 he further said: "Not only is the legislative history of § 803 (a) of the Act of 1932 bare of indication of any purpose that it should affect past transfers, but what appears tends to disprove any such thought. Moreover, the re-enactment of the Resolution of 1931 in the light of the administrative rulings requires the conclusion that Congress approved and adopted the administrative construction of the provision it reenacted." He discussed the applicability and effect of section 302, subdivision (h), of the Revenue Act of 1926 which is practically the same as section 249-r, subdivision 10, of the State statute, and then at page 314 said: "In view of other settled rules of statutory construction, which teach that a law is presumed, in the absence of clear expression to the contrary, to operate prospectively; that, if doubt exists as to the construction of a taxing statute, the doubt should be resolved in favor of the taxpayer, we feel bound to hold that the Joint Resolution of 1931 and § 803 (a) of the Act of 1932 apply only to transfers with reservation of life income made subsequent to the dates of their adoption respectively.

"Holding this view, we need not consider the contention that the statutes as applied to the transfers under consideration deprive

the respondents of their property without due process in violation of the Fifth Amendment." Those two cases seem to be precisely in point, on all fours with the case at bar, and to be controlling here in view of the fact that the Court of Appeals of this State has unanimously announced its purpose of maintaining the uniformity of administration between the Federal and State tax statutes which the Legislature has endeavored to bring about. (*Matter of Weiden*, 263 N. Y. 107, 110.) In the *Weiden* case the question was whether the entire value of property held by decedent and his wife as tenants by the entirety was taxable under section 249-r, subdivision 5. At page 110 the court said: " In *Tyler* v. *United States* (281 U. S. 497); *Gwinn* v. *Commissioner* (287 U. S. 224); *Third National Bank & Trust Co.* v. *White* (287 U. S. 577) the Supreme Court has indicated that the tax does not violate the provisions of the United States Constitution. We will apply the same rules in determining the effect of similar provisions of the Constitution of this State, for the purpose of maintaining the uniformity of administration of the Tax Law (Cons. Laws, ch. 60) which the Legislature has sought to achieve." It must be presumed that the Court of Appeals having adopted, for the purpose stated, the policy of applying the same rules in determining the effect of provisions of our State Constitution as the United States Supreme Court has applied in determining the effect of similar provisions of the Federal Constitution, will, for the same purpose, apply the same rules in construing provisions of the State tax statute as the United States Supreme Court has applied in construing similar or identical provisions of the Federal tax statute after which it was modeled. Only by so doing can any " uniformity of administration of the Tax Law * * * which the Legislature has sought to achieve " be brought about. Any other course would tend to defeat the desired uniformity of administration.

In *Shwab* v. *Doyle* (258 U. S. 529) the question was whether the Estate Tax Act of September 8, 1916, was intended to operate retrospectively. It provided for a tax being imposed upon the transfer of the net estate of every decedent dying after the passage of the act, " to the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a *bona fide* sale for a fair consideration in money or money's worth." It was held that the statute had only prospective operation. Mr. Justice McKenna, delivering the opinion of the court, said at page 534: " The initial admonition is that laws are not to be considered as applying to cases which arose before their

passage unless that intention be clearly declared." In referring to the act there in question, he said, at page 535: " There is certainly in it no declaration of retroactivity, ' clear, strong and imperative,' which is the condition expressed in *United States* v. *Heth*, 3 Cranch, 398, 413; also *United States* v. *Burr*, 159 id. 78, 82, 83.

" If the absence of such determining declaration leaves to the statute a double sense, it is the command of the cases, that that which rejects retroactive operation must be selected." At page 536 he said: " But granting the contention of the defendant has plausibility, it is to be remembered that we are dealing with a tax measure and whatever doubts exist must be resolved against it." In conclusion he said: " We need only say that we have given careful consideration to the opposing argument and cases, and a careful study of the text of the act of Congress, and have resolved that it should be not construed to apply to transactions completed when the act became a law. And this, we repeat, is in accord with principle and authority. It is the proclamation of both that a statute should not be given a retrospective operation unless its words make that imperative and this cannot be said of the words of the Act of September 8, 1916." Neither can it be said of the words of the statute here at bar.

It should be noted that the words " at any time " appearing in the State statute here in question, appeared also in the Federal statute construed in *Shwab* v. *Doyle* (*supra*) and in the Federal statute construed in *Hassett* v. *Welch* (*supra*) and that in neither case were these words held to have any special significance indicating retrospective operation.

In *Matter of Sandford* (277 N.Y. 323), decedent in 1929 executed a trust agreement with the Guaranty Trust Company whereby she transferred to it as trustee certain property, reserving to herself the income therefrom during her lifetime. In and by said trust agreement she also reserved the right to withdraw up to fifty per cent of the corpus. In 1932 she exercised that right and withdrew said fifty per cent. The balance remained in the trust. She died February 7, 1932, after the effective date of the first amendment to section 249-r, subdivision 3, but before the second amendment to said section and subdivision. An appeal was taken from the *pro forma* order assessing a tax against the securities remaining in the trust and that appeal, so far as applicable here, was sustained by the surrogate and again by the Appellate Division. It was held that the 1929 trust was irrevocable as to fifty per cent of its corpus and that section 249-r, subdivision 3, as amended by the Laws of 1931, chapter 62, effective March 10, 1931, did not impose a tax upon it. O'BRIEN, J., at page 332, said: " The Surrogate and

the Appellate Division are correct when they hold that the provisions of section 249-r (subd. 3) of the Tax Law, as added by chapter 710 of the Laws of 1930 and amended by chapter 62 of the Laws of 1931, are not retroactive as to a trust created prior to its enactment. (*Nichols* v. *Coolidge*, 274 U. S. 531; *May* v. *Heiner*, 281 U. S. 238; *Coolidge* v. *Long*, 282 U. S. 582.)" This decision was, of course, based upon the original law as amended by the first amendment, that is the amendment of 1931. As decedent's death occurred before the effective date of the amendment of May 8, 1934, that amendment was not before the court for its consideration. However in the light of *Hassett* v. *Welch* and *Helvering* v. *Marshall*, mentioned and discussed above, and the holdings therein that the practically identical Federal amendment, section 803 (a) of the Laws of 1932, simply re-enacted the substance of the Joint Resolution of March 3, 1931, with but " slight verbal differences," and that the two Federal amendments had precisely the same effect, I doubt if the Court of Appeals, in view of its clearly expressed intent and purpose to maintain the uniformity of administration of the Federal and State tax statutes (*Matter of Weiden, supra*), will hold differently as to the amendments to the State statute.

Summarizing briefly: The Legislature of this State has discarded the transfer tax law which was in effect for many years. In its place it has adopted a different system, an estate tax, modeled upon the Federal statute. Each time that the Federal statute has been amended the State statute has been similarly amended so as to make the statutes uniform. The Joint Resolution of March 3, 1931, adopted by Congress was followed immediately by an identical amendment enacted by our State Legislature. The re-enactment by Congress of the Joint Resolution with only slight and unimportant verbal changes, that is, of section 803 (a) of the Revenue Act of 1932, was followed by the enactment of a practically identical amendment by our State Legislature. The United States Supreme Court passed upon the constitutionality of a provision in the Federal tax statute and the Court of Appeals of this State thereafter in considering the constitutionality of a similar provision in the State statute adopted the same rule for the expressed " purpose of maintaining the uniformity of administration  *  *  *  which the Legislature has sought to achieve." What clearer and more logical reason could there be for a similar construction of the Federal and State statutes. To my mind it is conclusive and controlling. The United States Supreme Court has already held that the two Federal amendments have the same effect and that the Federal statute as finally amended is not retroactive in its operation. The Court of

Appeals has held that the State statute as amended by the first amendment is not retroactive in its operation. It seems to me that the State statute as finally amended must be held to have precisely the same operation, whatever interpretation or construction heretofore may have been given to prior statutes, similar or otherwise.

Then we have the rules of construction, that (1) if any doubt exists as to the construction of a taxing statute the doubt must be resolved in favor of the taxpayer; and (2) a law is presumed, in the absence of clear expression to the contrary, to operate prospectively, and is not to be considered as applying to cases which arose before its passage unless it contains a declaration of retroactivity that is " clear, strong, and imperative," and where that declaration is lacking that construction which rejects retroactivity must be selected. (*Hassett* v. *Welch*, 303 U. S. 303; *Helvering* v. *Marshall*, Id. 303; *Shwab* v. *Doyle*, 258 id. 529; *United States* v. *Heth*, 3 Cranch, 398, 413; *United States* v. *Burr*, 159 U. S. 78, 82, 83.)

There is no doubt as to the constitutionality of the amended section of the Tax Law here in question so long as it is confined to prospective operation. In the light in which I see it there is no necessity of considering its constitutionality if it were to be construed to have retrospective operation.

I hold that said section 249-r, subdivision 3, of article 10-C of the Tax Law as amended by Laws of 1931, chapter 62, and by Laws of 1934, chapter 639, effective at the date of decedent's death, is prospective only in its operation; that it does not impose a tax upon the property of said trust irrevocably transferred by decedent, with income reserved to himself for life, prior to the enactment of the statute and its amendments; that the said trust property should not have been included in decedent's gross estate for estate tax purposes, and that the *pro forma* assessing order of July 30, 1935, should be modified in that respect.

Submit order accordingly.