In the Matter of the Appraisal of the Estate of HUBERT P. VAN WAGENEN, Deceased.— Order affirmed, with ten dollars costs and disbursements, upon the authority of *Matter of Sandford* (277 N. Y. 323, 332. Cf. *Hassett* v. *Welsh*, 303 U. S. 303). All concur. (The order reduces the amount of the estate tax on decedent's estate.) Present — Crosby, Lewis, Cunningham and Taylor, JJ. [170 Misc. 820.]

WILLIAM RAUFEISEN, Respondent, v. ROCHESTER TRANSIT CORPORATION, Appellant.— Judgments of Monroe County Court and City Court of Rochester reversed on the law and facts and a new trial granted in the City Court of Rochester, with costs in all courts to appellant to abide the event. Memorandum: The plaintiff received personal injuries as a result of a collision when he attempted to make a left turn, into an intersecting street, in front of defendant's oncoming bus. We are of the opinion — after a careful consideration of the evidence — that the verdict in plaintiff's favor is against the weight of evidence. We are also of the opinion that the trial judge committed error when he failed to instruct the jury, pursuant to the request of defendant's counsel, as to the legal effect of the violation — if such there were — by plaintiff of subdivision 2 of section 15 of the Vehicle and Traffic Law, regarding the necessity of displaying lights at the time of the accident, to which failure to charge defendant's counsel excepted. All concur. (The judgment affirms a judgment of the Rochester City Court, Civil Branch, in favor of plaintiff, in an automobile-bus negligence action.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM A. YOUELL, Appellant, v. WILLIAM HUNT, Warden of Attica State Prison, Attica, New York, Respondent. — Order affirmed, without costs. Memorandum: The relator concedes that the sentence of June 25, 1934, and his commitment thereunder, were in all respects valid and legal. The holding that the sentence of July 26, 1935, and the order of December 2, 1935, were null and void in no way impaired the validity of the sentence of June 25, 1934. Hence relator is not entitled to be discharged from prison. (*People ex rel. Miresi* v. *Murphy*, 253 App. Div. 441, 444; leave to appeal denied, 278 N. Y. 741; *People ex rel. O'Berst* v. *Murphy*, 256 App. Div. 58, 60.) The claim of former jeopardy finds no support in the facts. Relator was subjected to only one prosecution for the crime in question and this is the test. (Code Crim. Proc. § 9.) All concur. (The order dismisses a writ of habeas corpus.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ. [See *post*, p. 860.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THADDEUS SZAFARCZYK, Appellant.— Judgment of conviction and order affirmed. All concur. (The judgment convicts defendant of the crime of robbery, first degree. The order denies a motion for a new trial.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

CYRILL ADAM, Respondent, v. EMIL STEIN, Appellant.— Judgment affirmed, with costs. All concur. (The judgment is for plaintiff in a mortgage foreclosure action.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.