In the Matter of the Estate of ELIZABETH C. G. RUSSELL, Deceased.

Surrogate's Court, Kings County, May 13, 1942.

*Edward H. Lockwood*, for the executor, appellant.

*Harry M. Peyser* [*Edward Devlin* of counsel], for the State Tax Commission, respondent.

McGAREY, S. Decedent Elizabeth C. G. Russell created an *inter vivos* trust directing her trustee:

1. " To collect and receive the income, interest, and dividends therefrom [hereinafter referred to as income] and to pay the net income therefrom after deducting all proper charges and expenses to the Grantor during her life.

" Upon the death of the Grantor to pay the net income therefrom to Grantor's sister, Sarah B. Russell, during her life.

" Upon the death of Grantor's sister, Sarah B. Russell, or if Grantor's sister, Sarah B. Russell, predecease the Grantor, then upon the death of the Grantor to transfer and pay over the principal of said trust fund as the Grantor may by her Last Will and Testament appoint, and in default of such appointment, the same shall constitute and be disposed of as a part of the estate of the Grantor. * * *

3. " The trustee may devote any of the principal at any time for the well being, support and maintenance of the Grantor, or if she be dead, of the Grantor's sister, Sarah B. Russell."

The trust was created on January 3, 1928, and decedent died on April 4, 1939, survived by her sister, Sarah B. Russell, who is now the income beneficiary of this trust. The authority to invade principal was not exercised.

The principal of the trust is valued at $575,512.71, and the value of the secondary life estate is appraised at $130,921.71.

For estate tax purposes the appraiser included the entire value of the trust fund without deducting the value of the secondary life estate to Sarah B. Russell. The executor appeals and contends that the value of the life estate should be deducted from the full

value of the trust before arriving at the gross estate subject to tax.

The trust is irrevocable notwithstanding the power in the trustee to invade principal for the benefit of the grantor. (*First Nat. Bank* v. *Welch*, 24 F. Supp. 695; *Patterson* v. *Commissioner of Internal Revenue*, 36 B. T. A. 407; *Commissioner of Internal Revenue* v. *Flanders*, 111 F. [2d] 117.)

It should be noted that this problem arises only because the trust agreement antedates the effective date of subdivision 3 of section 249-r of the New York Tax Law. Had the trust agreement been executed subsequent thereto, the present value of the secondary life estate would, under no circumstances, be deductible and the corpus of the trust would be taxable in its entirety.

The courts have properly held that subdivision 3 and its counterpart in the Federal Estate Tax Law are not retroactive in application. (*Matter of Sandford*, 277 N. Y. 323; *Matter of Anderson*, 171 Misc. 795; *Nichols* v. *Coolidge*, 274 U. S. 531; *May* v. *Heiner*, 281 id. 238; *Hassett* v. *Welch*, 303 id. 303.)

These decisions should really be conclusive but respondent urges that the value of the secondary life estate should be included on the theory of taxability on the shifting of economic benefits incident to the decedent's death and urges that the secondary life estate did not become vested until the grantor's death and that the death of the decedent brought into enjoyment the secondary life estate of the sister.

However, the court holds that under established principles of law the secondary life estate was vested in grantor's sister on the effective date of the trust, January 3, 1928, subject to being divested by her death prior to the grantor's, and the only shifting of economic benefits which accrued at grantor's death was with respect to the remainder of the trust. Had that remainder been given irrevocably to designated beneficiaries, rather than by appointment under grantor's will, or by law in absence of appointment, it, too, would not have been subject to tax. Moreover, the theory of shifting of economic benefits has never been recognized as a taxable transfer in this State. (*Matter of Van Wagenen*, 170 Misc. 820; affd., 258 App. Div. 846.) The decedent's death terminated her life estate, the sister's life estate was vested at the date of the creation of the trust, subject to being divested by her death prior to grantor's.

There is here no possibility of reverter. The grantor effectively disposed of the property and put it beyond her power of disposition, except as to the remainder over which she retained the right of appointment by will. By no act or failure to act upon her part could she have become entitled to any part of the trust corpus.

The respondent contends that the power to invade principal renders the entire corpus taxable. The power of invasion here was solely in the trustee. No act of the grantor could force the trustee to act and in fact no invasion has taken place.

The court has not considered or passed upon the possibility that there was an actual consideration paid by the grantor's sister in money or money's worth by reason of the execution by her of a similar reciprocal trust simultaneously with the trust under consideration. The facts with reference thereto are not before the court and the decision herein reached is without prejudice to any rights the trustee may have to present such facts or urge such contention should the necessity therefor arise.

There is here no possibility of reverter, and the *inter vivos* trust created by the agreement of 1928 is irrevocable. There was no power retained over it by the grantor after its execution. Under the principles set forth in *Hassett* v. *Welch (supra)*; *Klein* v. *United States* (283 U. S. 231); *Coolidge* v. *Long* (282 id. 582); *May* v. *Heiner (supra)*, and *Matter of Van Wagenen (supra)*, it is determined that the value of the life estate of Sarah B. Russell is deductible from the gross estate subject to tax, and that the order appealed from should be so amended.

Submit decree on notice in conformity herewith.