In the Matter of the Estate of SOPHIA L. CAULDWELL, Deceased.

Surrogate's Court, New York County, May 22, 1942.

*Milbank, Tweed & Hope* [*Thomas A. Ryan* and *Winston C. Perry* of counsel], for the petitioner.

*Jerome M. Hirsch,* for the State Tax Commission, respondent.

FOLEY, S.   This is an appeal by the executor and by the trustee and the beneficiaries of an *inter vivos* trust from the *pro forma* order of September 9, 1941 fixing a transfer tax.   The principal ground of appeal is that since the decedent died on April 27, 1937, when the new Estate Tax Law (Tax Law; art. 10-C) was in effect, there is no authority for imposing a transfer tax.   The order of September 9, 1941 was entered in a transfer tax proceeding initiated by the State Tax Commission for the purpose of assessing a transfer tax upon an *inter vivos* trust created by this decedent on June 1, 1928. The proceeding was instituted after the estate tax proceeding had been concluded.   In the latter proceeding the existence of the *inter vivos* trust was fully disclosed in the schedules and returns filed by the executor.   The appraiser reported that the fund was not subject to an estate tax and the *pro forma* order entered upon his report excluded the trust principal as a taxable asset of the decedent's estate.   No appeal was taken from that order.

The State Tax Commission asserts that the Transfer Tax Law (Tax Law, art. 10) is still in existence and was not superseded by article 10-C enacted by chapter 710 of the Laws of 1930.   In support of its argument that the Legislature in enacting the new Estate Tax Law did not abolish the old Transfer Tax Law, the Commission relies upon the amendment to section 249-mm of article 10-C of the Tax Law by chapter 499 of the Laws of 1935.   That amendment reads in part: " Nothing in this section contained shall affect any tax upon a transfer made prior to September first, nineteen hundred thirty, which was imposed as of the date of said transfer. § 2. This act is declaratory of the intent of section two hundred and forty-nine-mm of the tax law as originally enacted and for

the purpose of clarifying its provisions. It is not intended to effect a change in the provisions of said section. § 3. This act shall take effect immediately and shall be retroactive to September first, nineteen hundred thirty."

September 1, 1930 was the effective date of the new Estate Tax Law. The 1935 amendment was the subject of consideration by Mr. Surrogate DELEHANTY in *Matter of Ryle* (161 Misc. 126; affd., 250 App. Div. 849; affd., 278 N. Y. 546). As pointed out in that case, a legislative construction placed upon an earlier statute is without binding force in a judicial proceeding and the court is free to place its own construction on the prior statute. When the Legislature in 1930 enacted the new Estate Tax Law it specificially provided in section 249-mm: " In respect of persons dying after this article becomes effective it shall supersede any other article of the tax law which imposes a transfer, inheritance or estate tax; but in respect of any person dying or who died before this article takes effect, the provisions of law imposing transfer, inheritance or estate taxes in effect at the time of his or her death shall remain in full force and effect."

This language clearly expressed the legislative intent to abolish the transfer tax with respect to persons dying after September 1, 1930. That such was the legislative intent in its enactment of the new Estate Tax Law has been well recognized by the courts. (*Matter of Ryle, supra; Matter of Van Wagenen,* 170 Misc. 820; affd., 258 App. Div. 846; leave to appeal denied, 282 N. Y. 810; *Matter of Anderson,* 171 Misc. 795; *Matter of Scovill,* 161 id. 130.)

I hold, therefore, that there is no authority for assessing a transfer tax upon the estate of this decedent who died subsequent to the effective date of the new Estate Tax Law.

Submit order on notice sustaining the appeal in accordance with this decision.