**CENTRAL HANOVER BANK & TRUST CO.**
**v. NUNAN, Collector of Internal Revenue.**

Civil Action No. 3204.

District Court, E. D. New York.

June 20, 1944.

Edward H. Lockwood, of New York City (David F. Cohen, of New York City, of counsel), for plaintiff.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Stanley W. Herzfeld, of New York City, of counsel), for defendant.

CAMPBELL, District Judge.

This is a suit for the recovery of $31,-473.27 alleged to have been illegally collected from the plaintiff as estate taxes upon the estate of Elizabeth C. G. Russell, deceased. .

An indenture of trust executed by the decedent granted to her sister a life estate upon the decedent's death; the decedent reserved the right to dispose of the corpus of the trust by her last will and testament.

The question here presented is whether or not the life estate of the sister is subject to estate taxes as a gift to take effect in possession or enjoyment at or after death, within the meaning of Section 302(c) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev. Acts, page 227.

The Statute involved is Revenue Act of 1926, c. 27, Stat. 9:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\* \* \* \* \* \*

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. \* - \* \* "

By an indenture dated January 3, 1928, the decedent placed in trust a substantial amount of property. Under the terms of the trust the trustee was directed to pay the net income from the corpus to the decedent during her lifetime and, upon her death, to pay the net income to her sister, Sarah B. Russell, for life. Indenture further provided upon the death of the grantor's sister, Sarah B. Russell, or if grantor's sister, Sarah B. Russell, predeceased the grantor, then upon the death of the grantor to transfer and pay over the principal of said trust fund as the grantor may, by her last will and testament, appoint, and in default of such appointment, the same shall constitute and be disposed of as a part of the estate of the grantor.

The decedent died on April 4, 1939, leaving a last will and testament, dated July 27, 1932, which was duly admitted to probate, by which she disposed of the corpus of the trust.

The executor, in its federal estate tax return, excluded from the decedent's gross estate the value of the sister's life estate.

The Commissioner determined that the life estate to the sister was a gift to take effect in possession or enjoyment at death, and that its value was properly includible in the taxable estate. Consequently, he assessed a deficiency in the amount sought to be recovered, which was paid by the estate.

A claim for repayment of the amount so paid was made to the Commissioner, which he rejected, and this action followed.

The plaintiff herein, as executor of the estate of Elizabeth C. G. Russell, contends that the trust inter vivos was irrevocable, and not subject to power of modification or control by the settlor, and was completely vested in Sarah B. Russell, at the time of the creation of the trust, and was not subject to Federal estate tax.

Defendant, on the other hand, however, insisted that such life estate was includible in the gross estate of the testatrix, and was, therefore, subject to the Federal estate tax.

The Statute was amended by Revenue Act, June 6, 1932, Chapter 209, Section 803 (a), 47 Stat. 279, 26 U.S.C.A. Int.Rev.Code, § 811(c), so as to add to the gross estate any interest of which the decedent has made a transfer by trust or otherwise.

■ That amendment, however, has been held not to be retroactive, and questions of taxability must be determined on the basis of the Statute as it existed in 1928, when the trust was created. Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858.

■ Plaintiff cites many cases in support of its contention, as follows: May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244, upon which the plaintiff, and the Surrogates Court (Matter of Russell's Estate, 178 Misc. 472, 35 N.Y.S.2d 26, affirmed 266 App.Div. 1006, 45 N.Y.S.2d 122, appeal allowed to Court of Appeals 267 App.Div. 826, 47 N.Y.S.2d 129), placed so much reliance, is not like the instant case; in that case the settlor transferred to her husband and others, as trustees, certain property in trust to pay the income to her husband during his lifetime; after his decease, to the settlor, and after the settlor's death to distribute the corpus among the settlor's four children. The settlor had no interest in the property to pass upon her death, and it is of no moment whether she

survived her husband, or her husband survived her. In Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996, the trust was similar to that here, and was held to take effect in possession and enjoyment upon death.

In Helvering v. St. Louis Trust Union Co., 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239, the trust provided that the income be paid to the settlor's daughter during her life, with remainder over to persons designated, the trustee was given discretionary power to terminate the trust, and if he did so, the estate was to revert to the grantor. There was a further provision in the indenture that if the daughter predeceased the grantor, the trust would terminate and the trust estate be retained to the grantor.

In Becker v. St. Louis Union Trust Co., 296 U.S. 48, 56 S.Ct. 78, 80 L.Ed. 35, the grantor declared himself trustee, for a named beneficiary. There was a clause in the declaration providing that if the beneficiary died before the settlor, the trust should revert to him, or, if he died before the beneficiary, then the trust property should become the beneficiary's absolutely.

The Court, in these cases, held that these were not estates taking effect in possession and enjoyment at death; that the settlor's death simply put an end to what, at best, was a mere possibility of a reverter by extinguishing it—that is to say, by converting what was merely a possibility, into another impossibility.

These decisions were thought, by the lower Courts, to overrule the Klein case, and because of the apparent conflict, the Court took as controlling Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368. There the Court expressly rejected the St. Louis Union Trust Co. cases, and reaffirmed its holding in the Klein case.

The Court, in its opinion, reviewed the cases at length.

Helvering v. Proctor, 2 Cir., 140 F.2d 87, cited by plaintiff, is not in point. The trust in that case was similar to that in May v. Heiner, supra. In that case the Government contended that May v. Heiner, supra, had been overruled by Helvering v. Hallock, supra. That contention is not made by the Government here.

Here, the Government contends, that this trust is taxable under the rule in the Hallock case, as stated by Judge Learned Hand in Helvering v. Proctor, supra, 140 F.2d at page 89, as follows: "Helvering v. Hallock, supra, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, was concerned with quite another situation. The settlor had provided that, if he survived his wife—who had a life estate—the remainder went to him; but if she survived him, the remainder went to her. All that was decided was that, when that was the intent, it made no difference what was the form of words used. It was enough that the settlor's death cut off an interest which he had reserved to himself upon a condition then determined; that made the remainder a part of his estate."

Under the trust instrument in this case the settlor had continued control of the trust property, and until death the sister took nothing. Her entire estate passed upon her death, and is taxable.

Judgment should be granted in favor of the defendant against the plaintiff, with cost, dismissing the complaint on the merits.

Settle judgment on notice.