### H. R. BRATT v. THE STATE.

No. 1313. Decided June 24, 1897.

**1. Handwriting—Expert Evidence.**

An expert is not required to have any particular degree of knowledge or skill as to handwriting, and ordinarily, bankers, bank cashiers, and clerks of courts are competent to testify on questions of handwriting. If it appear that the witness has any claims at all to the title of expert, an appellate court will not reverse because his experience is not sufficiently special. Of course the witness must show some special skill as an expert before his testimony would be received, and unless this is shown, the appellate court will reverse.

**2. Same.**

Where the expert witnesses not only show themselves conversant with the subject of handwriting involving the genuineness of signatures, but in addition thereto, show that they have some knowledge of defendant's handwriting, they are competent to testify as experts upon the question of his handwriting.

**3. Theft of Cattle—Contemporaneous Thefts—Additional Charge of Court.**

On a trial for theft of cattle, where the evidence showed that a number of cattle belonging to other persons were taken at the same time with those involved in the

trial, and the court, in its original charge, had failed to instruct as to such other cattle; Held, it was not error, in lieu of special requested instructions, to give an additional charge to the jury presenting and confining such other takings to their legitimate purpose.

**4. Same—Disclosure of Names of Private Prosecutors.**

Where the bill of exceptions to the overruling of defendant's motion to require the State to disclose the names of the private prosecutors, does not show what bearing the disclosure would have had upon the case, it will be held, the motion was properly overruled.

APPEAL from the District Court of Clay. Tried below before Hon. GEORGE E. MILLER.

Appeal from a conviction of theft of ten head of cattle; penalty, two years imprisonment in the penitentiary.

The statement of facts is very voluminous, and the evidence is entirely circumstantial. It could serve no real or useful purpose to make a resume of the testimony. Suffice it to state, that it is shown that the stolen cattle were shipped to Saunders & Co., commission merchants, at New Orleans. They were shipped in the name of R. B. Warren.

This R. B. Warren and defendant were particular friends. Warren, so far as disclosed, was a race rider, or "sporting man," who had formed the acquaintance of J. N. Ozee, defendant's father-in-law, at the Dallas Fair; and, after the fair was over, had returned to Henrietta with Ozee and stayed at his house until just after the cattle were shipped. Warren owned no cattle in Clay or any other county. He had, according to the State's testimony, left Henrietta before the return sales and draft for the cattle were sent by Saunders & Co. Saunders & Co.'s draft for the sale of the cattle was as follows, viz:

"NEW ORLEANS, Dec. 16, 1896.   *No. 79.*

"State National Bank, New Orleans, La.;

"Pay to the order of R. B. Warren $234.06, two hundred and thirty-four and $^{06}/_{100}$ dollars.

"A. J. SAUNDERS."

This draft was indorsed: "Pay to W. A. McMurtry. R. B. Warren."

It was cashed at the bank at Henrietta by, and endorsed by McMurtry. The insistence of the State was, that the name "R. B. Warren," indorsed upon this draft, was in the handwriting of defendant. The facts in reference to the expert evidence adduced upon this phase of the case are concisely stated in the opinion.

After the court had read the charge to the jury, defendant's counsel submitted a special instruction, which the court refused, and in lieu thereof gave to the jury the following, viz: "In addition to the instructions heretofore given you, you are charged by the court that you can not convict the defendant in this case for the theft of any other cattle than those charged in the indictment herein; and you can not consider any testimony tending to show the theft of any cattle other than those charged in the indictment for any other purpose except to determine

whether the defendant did the act charged in the indictment and his intent in doing so, if he did them."

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of theft of cattle, and given two years in the penitentiary, and appeals.

The first bill of exceptions relates to the testimony of L. J. Walker and C. W. Easley, who were used by the State as experts. The contention of appellant is that said witnesses did not qualify themselves to testify as experts. These witnesses were used by the State to prove that the indorsement on the draft, which was for the purchase money of the cattle, to wit, the name of R. B. Warren, was in the handwriting of the appellant. Walker was shown to have been county and district clerk of Clay County for a period of twelve years, and to have had great experience in handwriting, and to have frequently testified in the courts as to the identity of handwriting. Easley had been president and cashier of a bank in Henrietta for a number of years, and as such became conversant with handwriting, and had frequent occasion to test the identity and genuineness of certain handwritings and signatures, by comparison. Both of these witnesses had seen appellant write, and were more or less familiar with his handwriting. An expert is one who is skilled in the particular science or business under investigation. But the authorities do not lay it down that a person shall have any particular degree of knowledge or skill as to the matter under investigation. See Lawson Exp. Ev., p. 425. Ordinarily bankers, bank cashiers, and clerks of courts are competent to testify on questions of handwriting. Id., pp. 425-428. As a general proposition, a qualification of a witness to testify as an expert is a question for the trial court, whose decision is not generally reviewable on appeal. If it appear that the witness has any claim at all to the title of an expert, an appellate court will not reverse because his experience is not sufficiently special. If the evidence shows, either directly or circumstantially, that he is an expert in the particular matter under investigation, he is competent to testify; and the value of his testimony, or its weight, will be a question for the jury. Id., p. 237, and authorities there cited. Of course, the witness must show some special skill as an expert before his testimony would be received, and unless this is shown the appellate court will reverse. In our opinion, both of the witnesses Walker and Easley were competent to testify. They not only showed themselves conversant with the subject of handwriting, involving the genuineness of signatures, but both of them showed some knowledge of defendant's handwriting, and the court did not err in permitting them to testify as experts.

Nor did the court err in refusing to give the special instructions asked by appellant, and in giving in lieu thereof the additional charge

on the same subject presented to the jury. The charge asked by the appellant called the attention of the court to the matter, and, if the court had not given a charge on that subject, it would have been error, as the record showed a number of cattle of other persons taken at the same time as those alleged in the indictment. The original charge failed to instruct the jury as to this matter, but the additional charge given by the court properly presented the subject, and confined such other takings to their legitimate purpose.

There was no error on the part of the court in overruling appellant's motion to require the State to disclose the names of the private prosecutors. The bill does not show what bearing the disclosure of such evidence would have had upon the case. It is not shown that the court refused to permit such testimony in the impanelment of the jury, or in the cross-examination of any of the witnesses. The evidence in this case was purely circumstantial, but we have inspected the statement of facts carefully, and in our opinion the verdict of the jury is amply supported by the evidence.

The judgment is affirmed.

*Affirmed.*