## H. H. EDWARDS v. THE STATE.

### No. 7981. Decided March 5, 1924.

### Rehearing denied June 25, 1924.

**1.—Possession of Intoxicating Liquor—Continuance—Practice in Trial Court.**

Where it was not likely the result of the trial would have been different if the alleged absent witness had been present, and testified as expected, in view of a contradiction of his anticipated testimony by appellant himself, there is no reversible error.

**2.—Same—Charge of Court—Practice in Trial Court—Jury and Jury Law—Challenge to Array.**

Where appellant complained that on the morning court convened the judge delivered a charge to the grand jury, the petty jury for the week being present in the courtroom at the time, and that this may have influenced and prejudiced the petty jurors against him, but the bill of exceptions failed to show that appellant was in fact tried before any of the petty jurors who were alleged to be in the courtroom at the time, and it did not appear that any cause existed, which under the statute is the basis for a challenge to the array, there was no reversible error.

**3.—Same—Evidence—Finding Quantity of Whisky.**

The circumstance of finding a quantity of whisky secreted about appellant's premises was equally admissible as the circumstances testified to by the witness, upon the charge that appellant was in possession of it for the purpose of sale, and there is no reversible error.

**4.—Same—Accomplice—Sufficiency of the Evidence.**

Where the conviction did not rest solely upon the alleged accomplice, but is supplemented by other evidence, the conviction is sustained.

**5.—Same—Rehearing—Practice on Appeal.**

Where the case was properly disposed in the original hearing, the motion for rehearing must be overruled.

6.—Same—Second Motion for Rehearing—Affidavit.

A statement of facts when filed in this court cannot be changed, modified, or amended, by ex parte affidavit. Following: McConnell v. State, 85 Texas Crim. Rep., 409, and other cases.

Appeal from the District Court of Throckmorton. Tried below before the Honorable W. R. Chapman.

Appeal from a conviction of possession of intoxicating liquor for the purpose of sale; penalty, one year imprisonment in the penitentiary.

*A. J. Smith* and *C. J. Henson,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, JUDGE.—Conviction is for the possession of intoxicating liquor for the purpose of sale, with punishment assessed at confinement in the penitentiary for one year.

Bert Barber testified in substance that on December 22d he came to the town of Throckmorton with appellant in the latter's car; that he noticed a handgrip in the car at the time witness got in; that when they had reached a point about three miles from Throckmorton the grip had come open; that it contained some half gallon fruit jars with something in them that looked like whisky; that appellant had a half pint bottle of whisky out of which witness had taken a drink; that when they reached this point some three miles west of Throckmorton appellant took the grip out of the car saying to witness that if he saw anybody looking for anything to let appellant know; that he carried the grip about fifty yards from the road and left it in a pasture; that after they arrived in town witness was approached by a party who wanted to buy some whisky; that he reported this to appellant, and that witness then went with the party to where the whisky was, to the same grip appellant had placed in the pasture on the way to town; witness let the man have a quart of whisky; that the party laid a five dollar bill down by the grip; that appellant followed them and was about a half mile behind at the time they arrived at the place where the grip was.

Witnesses Darden, Falls and Stribling testified in substance that about December 22d they went to the home of appellant and made a search of his house and premises; that under the house they found three half gallon fruit jars of whisky, one half gallon jar of whisky was found in the cotton seed bin, and in a straw stack on the premises something like two hundred and fifty yards from the residence were found seventeen half gallon fruit jars of whisky; around the house they found some barrels which bore evidence of having contained mash.

Appellant filed an application for continuance on account of the absence of one Bill Barnett, alleging that he had been subpoenaed at a prior term of court and at that term had attended as a witness; that subsequently Barnett had moved to Cleburne in Johnson County and that another subpoena had been served on a party in Cleburne by that name who was in attendance at court but was in fact the wrong Bill Barnett. Appellant avers that if the Barnett he had in mind were present he would testify that on the 22d day of December he was going to the city of Haskell in a car, and that the witness Barber got in the car with him, having a handgrip; that after they reached a point about three miles west of Throckmorton Barber said he lived out there and got out of the car taking the handgrip with him. The court overruled appellant's application and this action is assigned as error. No question is made as to the diligence used. The effect of Barnett's purported testimony would have been to leave an inference that Barber himself was the man who had the handgrip, which the latter attributed to appellant. We have not been able to reconcile the averments as to what Barnett would testify with the evidence given by appellant himself upon the trial. From the application Barnett was expected to testify that Barber rode with him (witness) out of the town of Throckmorton on the occasion in question; but we find in appellant's testimony the statement that when he (appellant) left Throckmorton about· sun down he did not know where the witness Barber was and that *Barnett rode back with appellant*. This is entirely inconsistent with the evidence claimed to have been expected from Barnett. Appellant denied the transaction testified to by Barber, and also denied any knowledge of the presence of whisky about his house or on his premises. He also testified that he owned no handgrip but only a suitcase, and undertook to establish this fact by his children. His daughter, a little thirteen year old girl, sustained this evidence of her father, asserting that he owned no handgrip but only a big red suitcase; then he placed his little son, Harold Edwards, upon the stand to further establish the same fact; he testified on direct examination that his father had no handgrip but only a big red suitcase, but on cross examination said he had both a handgrip and a suitcase. Appellant cites many authorities in support of his contention that the learned trial judge was in error in overruling his motion for new trial based upon the refusal to grant the continuance. Precedents are of little aid in determining questions of this kind, as each case must necessarily rest upon its own facts relative to such a matter. At the time the court passed upon the motion for new trial he had all the evidence before him. We are inclined to the view that no error occurred in overruling the motion for new trial upon this ground. It is not likely the result of the trial would have been different if Barnett had been present and testified as expected in view of the contradiction of his anticipated

98 T. C.—4.

testimony by appellant himself. (See Sec. 305, Branch's Ann. P. C. and authorities there collated.)

Appellant complains that on the morning, court convened the judge delivered a charge to the grand jury, the petit jury for the week being present in the courtroom at the time; that during the course of his charge the judge made certain observations relative to the enforcement of the "prohibition law," saying in substance that it was being violated more than almost any other law, but that it was now getting easier to enforce it than it formerly had been because public sentiment had become stronger against its violation. He seems to have made these observations relative to Jones County, which was also in the Judicial District over which the judge presided. He stated in this connection that violations of this law in Jones County had almost ceased, and that all parties tried had been convicted. The bill expressly recites that it was not claimed that the purpose of the judge was to influence or prejudice the petit jurors against any particular person or persons, but avers that appellant was charged in that court with this offense and that by reason of the statement complained of he could not obtain a fair and impartial trial before said petit jurors. It is not necessary for us to pass upon whether the statement complained of presents error. The bill fails to show that appellant was in fact tried before any of the petit jurors who were alleged to be in the courtroom at the time. Furthermore, appellant bases his bill upon the refusal of the court to sustain his challenge to the "array of petit jurors." Article 716 C. C. P. provides that the array of jurors in cases less than capital may be challenged by either party for the *same causes* provided in capital cases. Article 680 C. C. P. provides that challenge to the array in capital cases may be made *only* upon the ground:

"That the officer summoning the jury has acted corruptly and has wilfully summoned persons upon the jury known to be prejudiced against the defendant with a view to cause him to be convicted."

Article 681 C. C. P. provides that the ground of challenge stated in Article 680 does not apply when the jurors summoned are those which have been selected by jury commissioners; that in such case no challenge to the array is allowed. It does not appear from the bill that any cause existed which under the statute is the basis for a challenge to the "array."

We find two bills of exception reciting that appellant objected to the testimony of Darden, Falls and Stribling as to the whisky and barrels found at and near appellant's house, the objection being based on two grounds. (a) That it was not shown that said whisky was the property of appellant or that he had any knowledge of or connection with it; (b) that the testimony relative to the empty barrels showing that they had recently had mash in them was evidence of another and different offense than the one charged against appellant. The

objections appear to be without merit. The circumstance of finding a quantity of whisky secreted about appellant's premises was equally admissible as the circumstance testified to by Barber upon the charge that appellant was in possession of it for the purpose of sale. It was for the jury to determine whether it belonged to appellant. If he thought it important he might have requested a charge instructing the jury that they would not consider the finding of the whisky against him unless they believed beyond a reasonable doubt it belonged to him, or was in his possession. No such charge was requested. If the evidence relative to the barrels found indicated that they had been used in the manufacture of whisky, it would not render it inadmissible. It has been held that proof of the manufacture of whisky is admissible upon a charge of possessing it for the purpose of sale as throwing light upon the probable purpose of possession. Grant v. State, (No. 7593, opinion October 17th, 1923) 95 Texas Crim. Rep., 437.

Appellant contends that under the facts the witness Barber was an accomplice and that such being the case this conviction should not be permitted to stand. We do not think it necessary to discuss this question at great length. It may be conceded that Barber was an accomplice. If the conviction rested solely upon his testimony a serious question would be presented; but the conviction does not rest upon his testimony alone. It is supplemented by the evidence of Darden, Falls and Stribling.

Finding no error in the record calling for a reversal, the judgment is affirmed.

_Affirmed._

### ON REHEARING.

### June 11, 1924.

MORROW, PRESIDING JUDGE.—We have reviewed the record in the light of the motion for rehearing.

No new matter has been advanced, nor authorities cited.

We are constrained to believe that the case was properly disposed of on the original hearing.

The motion is overruled.

*Overruled.*

### ON REHEARING.

### June 25, 1924.

HAWKINS, JUDGE.—Appellant presents a motion requesting leave to file a second motion for rehearing, and attaches thereto an affidavit of one of the witnesses who testified in the case, which affidavit we are asked to consider. It impeaches the statement of facts, and has the

effect of modifying and changing the same. A statement of facts after filed in this court cannot be changed, modified or amended by ex parte affidavits. McConnell v. State, 85 Texas Crim. Rep., 409, 212 S. W. 498; Gherke v. State, 59 Texas Crim. Rep., 508, 128 S. W. 380; Belcher v. State, 35 Texas Crim. Rep., 168, 32 S. W. 770; Ratcliff v. State, 29 Texas Crim. App., 248, 15 S. W. 596; McBride v. State, 93 Texas Crim. Rep., 257, 246 S. W. 394.

The request to file the motion is denied.

*Overruled.*