ALBERT WILLIAMS, *alias* CHILI WILLIAMS V. STATE.

No. 26,374. April 22, 1953.

*Pat Beadle,* Clarksville, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is possession of whiskey for the purpose of sale in a dry area; the punishment, ninety days in jail and a fine of $150.00.

Officers, armed with a search warrant, searched the home and premises of the appellant during his absence. They found five pints of whiskey under the floor of a storage room, which was a part of the garage located a few feet from the appellant's home.

Other whiskey was found adjacent to the barn, but a discussion of the admissibility of evidence thereof will not be necessary because that mentioned above is sufficient to sustain the conviction herein.

We will now discuss the contentions raised by appellant's counsel in his able brief.

The complaint alleged that the local option election had been held on the 5th day of June, 1952. Appellant objected to the introduction into evidence of the order of the commissioners' court canvassing the results of the prohibition election, because such order recites that the election was held on the 5th day of June, 1902, which he contends constitutes a fatal variance. This exact contention was decided adversely to appellant in the recent case of Rowlett v. State, 156 Tex. Cr. Rep. 44, 238 S. W. 2d 781. There, we said:

". . . there being in the information ample allegation that the prohibition election had been held, canvassed, the result declared and published prior to the commission of the offense charged, then the date on which said election was held was surplusage."

Appellant next contends that the affidavit for the search warrant is insufficient in that it does not appear therefrom that the act or event upon which probable cause was based occurred within a reasonable time antecedent thereto. In the affidavit before us, we find the recitation that the affiants were "this day" informed by a credible person of Red River County "that alcoholic beverages are kept, stored, passed and sold in and upon the above described premises in violation of the law." This is adequate.

We find the description of the location of appellant's house sufficient.

Appellant complains of the failure of the trial court to give his requested charge on possession. He contends that Nailing v. State, 150 Tex. Cr. R. 498, 203 S. W. 2d 221, is authority supporting him. We do not agree. In the Nailing case, the illicit liquor was found in a creek bed in a thickly wooded section. There was no testimony as to the possession of the land upon which the same was found. The instant record is replete with testimony showing that the appellant lived in the house immediately adjacent to the garage where the whiskey was found.

Finding no reversible error, the judgment of the trial court is affirmed.