## L. B. TEMPLIN V. STATE.

No. 30,363. February 11, 1959.
Appellant's Motion for Rehearing Overruled April 1, 1959.

*R. E. Murphey,* Coleman, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of whiskey and vodka in a dry area, with a previous conviction for an offense of like character plead for enhancement; the punishment, one year in jail and a fine of $1,000.00.

Inspector Ray of the Texas Liquor Control Board, in company with Sheriff Masters and his deputy and armed with a search warrant, went to the appellant's residence, served the warrant upon the appellant's son who was there alone, and, in the course of their search, found concealed in the house three pints of whiskey and one pint of vodka. At about this time, the appellant came home. Following this, the officers went to a structure which is referred to as a barn or outbuilding some 75 or 100 yards from the appellant's home and there found 8 pints of whiskey and vodka.

The prior conviction was established.

Appellant did not testify except in the absence of the jury for the purpose of his bill concerning the admissibility of the 8 pints of intoxicants found in the outbuilding.

We shall discuss the contentions so earnestly advanced by counsel.

He first contends that the court erred in refusing to quash the jury panel. The basis for his motion was that the trial judge had attended an indignation meeting in Brownwood called for the purpose of encouraging stricter enforcement of the liquor laws and, while there, had made a speech in which he stated

that henceforth in all pleas of guilty before him he would assess a certain punishment. Edmiston v. State, No. 30,310 (page 225, this volume), 320 S.W. 2d 8, serves as an illustration of the danger with which such a speech is fraught, but such holding is not authority here. In cases involving motions for change of venue, this court has held that an accused must show that a prejudice against him invaded the jury box of the jury which tried him. Kizzee v. State, 312 S.W. 2d 661, and Slater v. State, 166 Texas Cr. Rep. 606, 317 S.W. 2d 203. See also Edwards v. State, 98 Texas Cr. Rep. 47, 262 S.W. 742.

Appellant moved to disqualify the judge because of the matters set out above. Article V, Section 11, of the Constitution sets forth the grounds for disqualification of a judge. It appears that this court has held that prejudice is not a ground for disqualification. See Bateman v. State, 44 S.W. 290, and Berry v. State, 88 Texas Cr. Rep. 210, 203 S.W. 901.

Appellant moved the court to permit him to examine each prospective juror separate and apart from the remainder of the jury panel so that he might determine whether or not they had heard of the judge's speech. Such motion was refused. We are aware of no reason why appellant's counsel might not have examined the panel collectively as to any knowledge they may have had as to the judge's speech. It would not have been requisite that he inform them of the text of the judge's speech in order to determine whether or not they might have heard of it.

No abuse of discretion is shown by this bill. Bartlett v. State, 123 Texas Cr. Rep. 464, 59 S.W. 2d 157.

Appellant's last complaint, and the one which he urges most insistently, is that the court erred in admitting the evidence concerning the finding of the 8 pints in the barn or outbuilding some distance from the appellant's home. Admittedly, it was not the appellant's barn. This being true, the evidence concerning the intoxicants found there would not have been injurious to the appellant unless there was also some evidence that the appellant exercised some control over the same. The state made out a prima facie case that the intoxicants found in the house were possessed for the purpose of sale when they showed that he possessed more than a quart therein. Any circumstantial evidence that he had other intoxicants in his possession would be admissible as additional circumstances tending to show that he possessed the 4 pints for the purpose of sale. Green v. State, 152 Texas Cr. Rep.

201, 311 S.W. 2d 949, and Williams v. State, 158 Texas Cr. Rep. 501, 257 S.W. 2d 115.

We will now discuss the circumstances which tend to connect the appellant with the 8 pints. Agent Ray testified that on Saturday preceding the day charged in the information, while watching the appellant's home, he had seen the appellant walk over to the barn, stay awhile, and then walk back home "looking up and down in every direction." The Old Crow whiskey found in appellant's house bore the serial number 18049700. One pint of Old Crow whiskey found in the barn was numbered 18049698. The bottle of vodka found in the house bore the serial number 14733023, while one pint of vodka found in the barn was numbered 14733021. The Tom Moore whiskey found in the house bore the serial number 01045342, while one pint of Tom Moore whiskey found in the barn was numbered 01045343. While testifying in the absence of the jury on the question of the admissibility of the 8 pints, the appellant testified that Mr. Blackburn (the owner of the barn) had asked him to go there and feed his sheep. Other testimony showed that Mr. Blackburn had been in the hospital for approximately a month on the day of the search.

These circumstances pointed toward the appellant as the possessor of the whiskey in the barn and might be utilized by the jury for the purpose stated.

As to the appellant's contention that his son might have had possession of a part of the intoxicants found in the house, we call attention to the holding of this court in Shawhart v. State, 163 Texas Cr. Rep. 199, 289 S.W. 2d 601, that more than one person can be guilty of possessing the same intoxicants for the purpose of sale.

Finding no reversible error, the judgment of the trial court is affirmed.