### JOHN GRADY THOMAS V. STATE

No. 33,012. March 1, 1961

Motion for Rehearing Overruled April 5, 1961

*Billy Hall*, Littlefield, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge

The conviction is for felony theft of an automobile; the punishment, 2 years.

On January 3, Fred Beavers accompanied the appellant in his '55 red and cream or red and white Oldsmobile 88 automobile from Morton to Kermit to get their pay checks. Beavers also obtained a check belonging to Johnny Jordan who lived in Little-

field, put it in the glove compartment of appellant's Oldsmobile and told the appellant to give it to Jordan. When they arrived at Beavers' home in Morton upon their return from Kermit about 3:30 A.M. the next morning, Beavers got out and the appellant, who was not then scratched, cut or bleeding left in the Oldsmobile which was in good condition for his home in Littlefield.

The Hatcher family resided near a curve on the highway three and one-half miles from Morton and about thirty-five miles from Littlefield and were awakened by a loud noise about 4 A.M. on January 4. At this time, the temperature was 4 degrees below zero. Shortly thereafter, the Hatchers saw someone drive away in their 1958 Ford automobile which had been parked about thirty feet from their residence. The Hatcher boy shot at their car with a .22 rifle as it was being driven away. The inside of the Hatcher car was clean and in good condition. The car was of the value of more than $50 and was taken without the owner's consent. Upon an immediate investigation, a two-toned red and white '55 Oldsmobile 88 automobile which had turned over several times was found by the side of the road near the curve about 80 yards from the Hatcher residence. In the car, a check and a broken whisky bottle were found; there was blood on the windshield and dash and a man's black hat was found nearby. The tracks of a man in front of the Oldsmobile leading toward the Hatcher residence were seen, but they disappeared at the driveway. An officer delivered the check found in the Oldsmobile to Johnny Jordan in the sheriff's office in Littlefield.

At approximately 7 A.M. January 4, the Hatcher car with dirt and trash on the front seat was found on a street in Littlefield. W. R. Hatcher identified it as his car which he saw someone drive away from his place about 4 A.M. the same morning. There was a bullet hole in the right front fender, blood on the left door, and a man's tracks leading from the left side away from the car. Appellant lived with his mother about one or one and one-half blocks from where the car was parked.

Appellant's mother testified that appellant was wearing a black hat on January 3 but was not wearing a hat when he came home about 7 A.M., January 4, bloody and with a cut on his head; that she called an ambulance which took him to the hospital; and that she next saw her son's black hat a few days later in the sheriff's office and took it home. She further testified that her son had a red and white Oldsmobile but she did not see it when he came home about 7 A.M. January 4 and the next time she saw it was in Morton a few days later.

The testimony of a physician shows that the appellant was admitted to a hospital in Littlefield at 7 A.M. January 4; that his examination of the appellant showed that he was intoxicated, that he had a cut on the left side of his scalp and numerous scratches over his body; that such injuries could have been caused by being in a car that had turned over several times.

The appellant did not testify or offer any evidence in his behalf.

The facts and circumstances in evidence warrant the conclusion by the jury that the appellant unlawfully took the Hatcher automobile as alleged in the indictment.

Appellant contends that the trial court erred in refusing his motion for a mistrial when it was discovered, after both sides had made their challenges but before the names of the jurors were called and they were empaneled, that one of the jurors selected was a member of the grand jury that returned the indictment against the appellant. The court excused said juror and gave the appellant further opportunity to exercise his challenges on the jury list, which he refused to do, after which the next juror on the list was taken.

The above contention is not presented by a formal bill of exception or by a separate statement of facts as required by Art. 760e and 759a(6), V.A.C.C.P. Lacy v. State, 325 S.W. 2d 392. However, the record does not show that the appellant was prejudiced by the service of the next juror on the list.

Appellant complains of the sheriff's testimony that he gave the black hat found near the overturned Oldsmobile to "Mrs. Thomas, the boy's mother, she came after it" over his objection that there was no evidence that it belonged to him.

Following the admission of the above testimony of the sheriff, the state called Mrs. Thomas, appellant's mother, and she testified that the appellant was wearing a black hat on January 3 but was not wearing a hat when he came home about 7 A.M. January 4 and she next saw her son's black hat a few days later in the sheriff's office and took it home. This complaint presents no reversible error.

The objections to the charge are that it shifts the burden of proof to the appellant; that it fails to charge the law of reason-

able doubt as to the facts; and that the charge on the law of circumstantial evidence is not properly presented and tends to confuse the jury.

From an examination of the court's charge as given, appellant's objections thereto cannot be sustained. Except for the opening sentence, the charge on circumstantial evidence is identical with that found in 1 Branch 2d 395, Sec. 373.1.

The judgment is affirmed.

Opinion approved by the Court.