**Loyd RAGLAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 38201.

Court of Criminal Appeals of Texas.

May 19, 1965.

Rehearing Denied June 26, 1965.

Billy Hall, Littlefield, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for the subsequent offense of drunken driving, a felony; the punishment, one year in the penitentiary.

The evidence presented by the state shows that on the night in question the appellant was stopped and arrested by Deputy Sheriff Edward Roberson while driving his pickup truck on a public street and highway in the city of Hereford.

Officer Roberson testified that he went to the scene in response to a call and that he stopped the appellant after his pickup just missed striking another pickup parked on the side of the street. The officer further testified that when he asked appellant for his driver's license he could not find it and handed him a blank piece of cardboard; that appellant had the odor of alcohol on his breath and was very slow in his speaking. The opinion was expressed by the officer that at such time appellant was intoxicated.

Policeman Don Aycock, of the city of Hereford, who went to the scene and observed the appellant, corroborated Officer Roberson's testimony and expressed his opinion that appellant was intoxicated. Aycock further testified that when he drove appellant's pickup to the sheriff's office he found two bottles, one empty and one partially filled, in the vehicle.

It was further shown that after his arrest, appellant executed a written consent to give a blood specimen and that he was taken to a hospital, where the blood specimen was taken from him. Officer Roberson testified that after the specimen had been put in the vial and sealed, he placed it in a container and then filled out the proper forms and mailed the container to the Department of Public Safety.

Chemist Eldon Straughan, of The Texas Department of Public Safety, testified that he received the sealed container in Lubbock in the course of the "departmental mail" and proceeded to break the seal and make an analysis of the blood specimen. He testified that the analysis disclosed that the specimen contained .26 percent alcohol and that a person with such concentration of alcohol in his blood would be intoxicated.

Proof was made of the prior alleged conviction for drunken driving by the introduction in evidence of a certified copy of the information and judgment in Cause No. 371, styled The State of Texas vs. Loyd Ragland, in the County Court of Hansford County, wherein the defendant in the cause was convicted on May 11, 1955, of the misdemeanor offense of driving while intoxicated.

Sheriff J. B. Cook, of Hansford County, called as a witness by the state, identified appellant as the defendant convicted in the cause.

Appellant did not testify but called several witnesses who testified that they had seen appellant during the day and night prior to the occasion of his arrest and that he had not been drinking and did not have the smell of alcohol on his breath. One of the witnesses, Alvin Young, testified that the night before he used appellant's pickup and left in the vehicle two vodka bottles, one being empty and the other having some vodka in it.

The jury by their verdict resolved the disputed issue of intoxication against appellant, and we find the evidence sufficient to sustain the verdict.

Error is urged to the court's action in overruling appellant's motion to quash the jury panel.

■ The transcript contains the motion to quash filed by appellant, together with the court's order overruling the same and appellant's exception thereto. The same was ordered filed as appellant's formal bill of exception #1. The motion and the court's order, with appellant's exception, do not certify to any facts and are insufficient to constitute a formal bill of exception. There being no separate statement of facts of the evidence adduced upon the hearing of the motion, such motion and the court's order with appellant's exception are insufficient to constitute an informal bill of exception, under the provisions of Art. 759a, Sec. 6, and Art. 760e, Vernon's Ann.C.C.P. Lopez v. State, 171 Tex.Cr.R. 672, 352 S.W.2d 747; Lacy v. State, 168 Tex.Cr.R. 220, 325 S.W.2d 392; Crawford v. State, 165 Tex.Cr.R. 147, 305 S.W.2d 362. Nothing is presented for review.

Various objections were urged to the court's charge.

■ We have examined the charge in the light of the objections and find no reversible error. Contrary to appellant's contentions, the court charged the jury with respect to all elements of the offense and required them to find and believe beyond a reasonable doubt, before convicting appellant, that he had been previously convicted as charged and that on the date alleged he did operate a motor vehicle upon a public highway while under the influence of intoxicating liquor. The court's failure to define the term, "intoxication," was not error, as such term need not be defined. Galan v. State, 164 Tex.Cr.R. 521, 301 S.W. 2d 141. In submitting forms of verdict in the charge, the court submitted all possible verdicts which could be rendered. Hence, under the facts, no error is shown. Garcia v. State, 162 Tex.Cr.R. 594, 288 S.W.2d 513.

We have carefully examined appellant's informal bills of exception to the court's ruling on the admission and rejection of testimony and find no reversible error.

■ In permitting Officer Roberson to relate the conversation with appellant when his consent was given to take the blood specimen, over the objection that appellant was under arrest, the court did not err, as it is held that the confession statute, Art, 727, V.A.C.C.P., has no application to the obtaining of a blood specimen for chemical analysis. Owens v. State, 164 Tex.Cr. R. 613, 301 S.W.2d 653; Sartain v. State, 171 Tex.Cr.R. 192, 346 S.W.2d 337.

■ State's exhibit #2, which was the container and vial in which appellant's blood specimen was placed, was properly admitted in evidence over the objection that its chain of custody had not been properly traced. Deputy Roberson identified the exhibit as the sealed container which he mailed to the Department of Public Safety, and Chemist Straughan identified it as the sealed container received at the department's Lubbock office in the mail.

■ The two bottles found in appellant's pickup after his arrest were properly admitted in evidence. Bedwell v. State, 165 Tex.Cr.R. 143, 305 S.W.2d 372; Lacy v. State, supra. In permitting Officers Cox and Roberson to testify that certain notations were made on the bottles, the court did not err. The notations on the bottles, as disclosed by the testimony, consisted of the date they were seized, the license number of the vehicle, Officer Roberson's initials, and the designation of one of the bottles as empty and a line drawn at the level of the liquid in the other. The notations were means of identification of the exhibits and nothing of an evidentiary nature was presented to the jury which was not otherwise properly before them. Ellison v. State, 154 Tex.Cr.R. 448, 227 S.W.2d 817.

The judgment is affirmed.

Opinion approved by the court.